Adam LINN, Appellant and Cross-Appellee,

v.

STATE of Alaska, Appellee and Cross-Appellant.

Nos. 6163, 6188.

Court of Appeals of Alaska.

Feb. 4, 1983.

---

**8.** *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979).

Paul Canarsky, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant and cross-appellee.

Randy M. Olsen, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee and cross-appellant.

Before BRYNER, C.J., and SINGLETON and MOORE,* JJ.

## OPINION

SINGLETON, Judge.

This is a sentence appeal. Linn was convicted of two counts of burglary in the second degree. AS 11.46.310. Burglary in the second degree is a class C felony. Linn was given a three-year presumptive sentence as a third felony offender. A "third felony conviction" means that the defendant has been at least twice previously convicted of a felony. AS 12.55.185(8). Linn appeals contending that his two prior felonies should be treated as a single prior felony for purposes of presumptive sentencing and that therefore he is only a second felony offender. He also argues that his sentence for the burglary should not have been made consecutive to the sentence received for the probation revocation on the earlier forgery offense. The state cross-appeals contending that the trial court ignored two aggravating factors which were established in the evidence and therefore imposed a sentence that was too lenient. We have reviewed the record and considered the arguments of the parties and find no error. We therefore affirm the sentence of the superior court.

In 1975 Linn pled guilty to two counts of forgery, former AS 11.25.020. He received a two-year sentence of imprisonment on count I and a suspended imposition of sentence on count II. The facts surrounding those crimes are only sketchily presented in this record. Nevertheless, Linn does not challenge the prosecutor's assertion that Linn stole one check, took it to town, forged it, uttered it, used the funds to purchase goods and then encouraged by his success, returned to the place where the checks were located, stole a second check, forged and uttered it, and spent the proceeds. Rather Linn argues that decisions of our Alaska Supreme Court interpreting former habitual criminal statutes precludes us from considering his two prior forgeries as separate offenses. Linn contends that this is because he was not given the benefit of rehabilitative probationary services after his first conviction and sentencing before committing the second offense. He relies on *Gonzales v. State,* 582 P.2d 630 (Alaska 1978), and *State v. Carlson,* 560 P.2d 26 (Alaska 1977). Since both checks were sto-

---

* Moore, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

len, forged and uttered on the same day, he contends he cannot be treated as a third felony offender. The answer to the question posed by this facet of the appeal can be found in the relevant statutes. AS 12.55.-145 provides in relevant part:

(a) For purposes of considering prior conviction in imposing sentence under this chapter . . .

(3) two or more convictions arising out of a single, continuous criminal episode during which there was no substantial change in the nature of the criminal objective are considered a single conviction, except that offenses committed while attempting to escape or avoid detection or apprehension after the commission of another offense are not part of the same criminal episode or objective.

The legislative committee responsible for the drafting of this statute had this to say regarding its interpretation:

Subsection (a)(3) provides that two or more convictions arising out of a "single, continuous criminal episode" are to be considered a single conviction unless there was a "substantial change in the nature of the criminal episode". The phrase "single, continuous episode" is intended to limit the applicability of this provision to a single criminal event out of which a number of offenses could be charged. For example, the breaking and entering of a building with the intent to commit theft, which can be charged as burglary, and the taking of property in the building which can be charged as theft. In such an instance, conviction for both burglary and theft would be considered a single conviction under this section. *However, the commission of three burglaries involving three buildings in a single day, would not be considered part of a "single, continuous criminal episode".* Similarly, the phrase "substantial change in the nature of the criminal objective" is intended to limit the applicability of the provision to a single criminal objective. In the preceding example, the criminal objective is to obtain property and the breaking and entering is an incident of

that objective. However, assume that the defendant takes a hostage to facilitate his flight, then decides to commit a sexual assault on the hostage. He is subsequently convicted of burglary, theft, kidnapping and sexual assault. In such a circumstance the defendant would have been convicted of three prior offenses for purposes of this section, burglary-theft, kidnapping and sexual assault. Additionally, the last clause of subsection (a)(3) provides that an offense committed while attempting to escape or avoid detection or apprehension after the commission of another offense is not included within the provision and is to be considered an additional conviction for purposes of presumptive sentencing.

2 Senate Journal Supplement No. 47, at 157–58 (June 12, 1978). (emphasis supplied).

 Under the state's version of the facts, Linn's prior forgery offenses counted as two prior felonies. When Linn took the first check and forged and uttered it, the first episode came to an end. Theft of the second check started a new episode. Since Linn does not dispute those facts, the trial court did not err in holding that Linn was a third felony offender. To the extent that *State v. Carlson* and *Gonzales v. State* would suggest a contrary holding, they have been superseded by the enactment of the new code. Nevertheless, it is clear that the policy advanced by those cases is really not in conflict with the new code. The supreme court expressed concern that someone not be deemed an habitual offender before he had had the benefit of a prior sentence and an opportunity to rehabilitate himself. Linn was convicted in 1975, served a period of incarceration and was on probation. He thus has had the benefit of rehabilitative services and cannot complain if his current offenses subject him to presumptive sentencing as a third offender rather than a second offender.

 Since Linn committed the burglary while he was on probation for the earlier forgery offense, the trial court did not err in requiring him to serve consecutive sen-

tences. *State v. Wortham,* 537 P.2d 1117, 1121 (Alaska 1975). Linn did not include the judgment ultimately entered in No. 75–134, the case to which the sentence in this case was made consecutive, in the record on appeal. Nor does he indicate what sentence if any he received. Consequently, we cannot review the entire sentence to determine if it is excessive.

The state appeals contending that the trial court failed to find the following two aggravating factors and to enhance the sentence accordingly: the defendant employed a dangerous weapon in furtherance of the offense, AS 12.55.155(c)(4), and the defendant has a criminal history consisting of prior convictions for aggravated, assaultive behavior, AS 12.55.155(c)(8). The state supported this second aggravating factor by filing judgments from the district court establishing Linn's convictions for: (1) resisting an officer, (2) disorderly conduct, (3) public indecency and assault and battery of a police officer. The parties argued their positions and the trial court resolved the question of aggravating and mitigating factors with a succinct statement:

> THE COURT: I don't find any aggravating or mitigating factors in this particular case. Therefore—well, Mr. Linn, anything you want to say?

In *Juneby v. State,* 641 P.2d 823 (Alaska App.1982), we said in part:

> We believe that the provisions of subsection (f) [12.55.155(f), requiring express findings of fact on aggravating and mitigating factors] must be read to require more than a *pro forma,* conclusory statement that an aggravating or mitigating factor has or has not been shown by clear and convincing evidence. Such a finding is of little utility in preserving the rights of the parties in a sentence appeal. We conclude that subsection (f)'s requirement that findings "be set out with specificity" calls for sentencing judges to include, in their remarks on the record, the following specific information: (1) the specific factors in aggravation and in mitigation found to have been established by clear and convincing evidence; (2) the evidence upon which the court has relied in finding the existence of aggravating or mitigating factors; (3) an explanation of the weight given by the court to each aggravating or mitigating factor, and the relative importance of each factor in comparison with other aggravating or mitigating factors established; and (4) an evaluation of the totality of the aggravating and mitigating factors in light of the *Chaney* criteria, as expressed in AS 12.55.005 in order to determine the amount by which the presumptive sentence for the particular offense should be adjusted.

641 P.2d at 846 (footnote omitted).

It is not clear whether Judge Hodges intended to find that no aggravating or mitigating factors had been established, or only that while established, they did not justify deviation from the presumptive sentence. As we said in *Juneby:*

> The mere proof of an aggravating or mitigating factor cannot be deemed sufficient, in and of itself, to justify an increase or decrease of a presumptive term. Increases or decreases of presumptive terms should not be the automatic consequence when aggravating or mitigating factors are proved....
>
> In order to determine the realistic impact the proof of an aggravating or mitigating circumstance should have on adjustment of a presumptive sentence in any given case, we believe it essential to consider not only the specific conduct constituting the aggravating or mitigating factor, but also the nature of the crime charged.

641 P.2d at 838.

Normally such an ambiguity in a trial judge's sentencing remarks would mandate a remand for clarification. Nevertheless, on this record we do not believe a remand necessary.

The state relies on AS 12.55.155(c)(4) and AS 12.55.155(c)(8). We find these provisions inapplicable as a matter of law. AS 12.55.155(c)(4) makes it a factor in aggravation if the defendant "employed a dangerous instrument in furtherance of the offense." Dangerous instrument is given the

same meaning ascribed to it in AS 11.81.-900. AS 12.55.185(1). The former statute provides in relevant part:

> (b) As used in this title, unless otherwise specified or unless the context requires otherwise,

> (11) "dangerous instrument" means anything which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is capable of causing death or serious physical injury; "dangerous instrument" includes "deadly weapon";

The code defines "deadly weapon" as follows:

> "deadly weapon" means any firearm, or anything designed for and capable of causing death or serious physical injury, including a knife, *an axe,* a club, metal knuckles, or an explosive;

AS 11.81.900(b)(13) (emphasis supplied).

The record established that Linn had an ax and used it to gain entry to the burglared premises.

AS 12.55.155(c)(8) provides as follows:

> (c) The following factors shall be considered by the sentencing court and may aggravate the presumptive terms set out in AS 12.55.125:

> (8) The defendant has a criminal history consisting of prior convictions for offenses, including misdemeanors, that involve aggravated or repeated instances of assaultive behavior;

The probation officer's report was not included in the record on appeal. There was no testimony regarding the circumstances surrounding Linn's prior convictions. The state relies exclusively on the judgments of conviction which merely indicate the nature of the offense and do not set out the surrounding circumstances. The judgments establish an assault on a police officer, a bomb threat, disorderly conduct (not otherwise explained), resisting an officer (not otherwise explained), and probation violations (not otherwise explained). On this record, the trial court could well have found that the state failed to prove by clear and convincing evidence a history of "ag-gravated" assaultive conduct or even repetitive conduct. By the same token, while an ax clearly qualifies as a deadly weapon and therefore a dangerous instrument, the court could well have found that the state failed to prove by clear and convincing evidence that it was employed as a dangerous weapon in furtherance of this offense, *i.e.,* mere possession of a dangerous instrument including a deadly weapon does not satisfy the requirements of the aggravating factor. Here the ax arguably was employed to gain access to the building, not to harass or threaten any occupants therein.

Alternatively, the trial court could have found that the aggravating factors were established but that they did not serve to aggravate the current offense. The trial court might have reasoned that the instant offense was not a crime of violence and therefore not part of a pattern in which Linn's earlier assaultive activities were included. Such a determination would also warrant minimizing the significance of his possessing an ax and using it to gain access to the property in question.

█ In summary, the trial court entered its judgment in this case on June 18, 1981. Our *Juneby* decision setting out the findings of fact that the court must make in applying aggravating and mitigating factors in enhancement or mitigation of a sentence was not decided until March 11, 1982. Understandably, the trial court did not comply with that decision. Its conclusion rejecting mitigating and aggravating factors is susceptible of two interpretations: either that the state failed to prove by clear and convincing evidence that the aggravating factors exist or, alternatively, that the evidence adduced did not justify aggravating the sentence imposed even if it is assumed the aggravating factors were established. Both alternatives are supported in the evidence and would justify the sentence imposed. Since there is no third alternative explanation of the trial court's actions under which the state would be entitled to relief, it is not necessary for us to remand this case.

The judgment of the superior court is AFFIRMED.

COATS, J., not participating.