**Robert LLOYD, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 7393.**

Court of Appeals of Alaska.

Nov. 18, 1983.

W. Grant Callow, II, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Eugene P. Murphy, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Robert Lloyd was convicted of robbery in the first degree. AS 11.41.500(a)(1). Superior Court Judge Seaborn J. Buckalew sentenced Lloyd to an adjusted presumptive term of three years' imprisonment. Lloyd appeals, contending that Judge Buckalew erred in refusing to refer his case to the three-judge sentencing panel for imposition of a lesser sentence. We affirm.

It is undisputed that Lloyd was subject to a six-year presumptive term because a gun was used in the commission of the robbery for which he was convicted.[1] Former AS 12.55.125(c)(1). Prior to sentencing, Lloyd filed a notice of mitigating factors and a notice of extraordinary circumstances and of intent to request referral to the three-

---

1. Although Lloyd's participation in the crime was limited, he does not contend that he was not subject to presumptive sentencing because he did not personally carry or use a firearm during the commission of the robbery. Accordingly, we do not reach the issue. We note that this issue is pending before us in other appeals. In the event we subsequently decide that presumptive sentencing is not applicable in cases such as Lloyd's we assume Lloyd would not be precluded from seeking to correct his sentence under Alaska Criminal Rule 35(a).

judge sentencing panel. At the sentencing hearing, the prosecution agreed that several mitigating factors were applicable. Judge Buckalew found that Lloyd established that he played only a minor role in the offense (AS 12.55.155(d)(2)), that his conduct was among the least serious included in the definition of the offense (AS 12.55.155(d)(9)), and that he had assisted authorities in apprehending other persons who committed the offense (AS 12.55.155(d)(12)).

However, Judge Buckalew rejected Lloyd's request for referral to the three-judge panel, finding that Lloyd had failed to establish that manifest injustice would result from imposition of an adjusted presumptive term: "[I would] kind of personally like to do something with [the case] but I can't . . . say I find a manifest injustice when I know that the word manifest— that's something that's shocking to the conscience." Accordingly, Judge Buckalew imposed a mitigated presumptive term of three years' imprisonment, the shortest term that could be imposed without referring the case to the three-judge panel. AS 12.55.155(a)(2).

Lloyd advances three arguments on appeal. He first contends that Judge Buckalew committed error by adopting an incorrect standard for determining manifest injustice under AS 12.55.165. Lloyd urges us to find that Judge Buckalew erred when he indicated that a sentence would be manifestly unjust only if it would "shock the conscience." Lloyd asserts that "manifest injustice," as used in AS 12.55.165,[2] should be construed in accordance with the ordinary usage of the term, which he characterizes as "obvious unfairness." Lloyd argues that we should adopt obvious unfairness as the standard for defining manifest injustice, and he requests us to remand his case to Judge Buckalew for application of this standard. We decline to do so.

We think Lloyd's suggested definition, obvious unfairness, is an accurate and permissible characterization of the manifest injustice standard. However, because his definition, like the manifest injustice standard itself, is highly subjective, it adds little substance to the statutory language. Similarly, we believe that Judge Buckalew's reference to a sentence that would "shock the conscience" is a subjective description that fairly characterizes the manifest injustice standard. We find it difficult, however, to see any substantial difference between Judge Buckalew's characterization of manifest injustice and the definition proposed by Lloyd. If a judge believed imposition of a presumptive sentence would be obviously unfair, we think it highly likely that he would also find that such a sentence would shock his conscience. Conversely, a judge whose conscience was shocked by the prospect of imposing a presumptive sentence could be expected to find that the sentence would obviously be unfair.

The similarity and subjective nature of these two definitions of manifest injustice underscore the fact that manifest injustice is basically a subjective standard. Although the legislature decided to curtail the sentencing discretion of judges by enacting the highly regimented system of presumptive sentencing, it nevertheless recognized that cases will inevitably arise in which the subjective judgment of the sentencing court should take precedence over the objective limits imposed by statute. The manifest injustice standard and the three-judge sentencing panel were created for such cases. *See generally Heathcock v. State,* 670 P.2d 1155 (Alaska App., 1983). The subjectivity of the manifest injustice standard thus de-

**2.** AS 12.55.165 provides:

*Extraordinary circumstances.* If the defendant is subject to [presumptive] sentencing . . . and the court finds by clear and convincing evidence that manifest injustice would result from failure to consider relevant aggravating or mitigating factors not specifically included in AS 12.55.155 or from imposition of the presumptive term, whether or not adjusted for aggravating or mitigating factors, the court shall enter findings and conclusions and cause a record of the proceedings to be transmitted to a three-judge panel for sentencing under AS 12.55.175.

rives from the purpose that the standard serves.[3]

Individual sentencing judges will, no doubt, differ in their views as to when manifest injustice has been shown. Yet sentencing has traditionally been an inexact process, and individual judges have always tended to differ in determining what sentence is appropriate in any given case. Because of the significance the Alaska Revised Criminal Code places on uniformity in sentencing, however, we must emphasize the singularly important function the three-judge sentencing panel performs in determining when manifest injustice exists.

As the only state-wide body specifically charged with the responsibility of determining the existence of manifest injustice, the three-judge sentencing panel is in a unique position to establish a uniform approach to identifying cases in which manifest injustice would result from imposition of a presumptive term. The ability of the three-judge panel to function successfully, however, will depend upon an appropriate level of referral to the panel by individual sentencing judges. While the three-judge panel is empowered to remand any case in which it does not believe manifest injustice will occur, the panel will obviously be powerless to apply its policies to a case potentially involving manifest injustice if a referral is not ordered by the original sentencing judge. We recognize that the referral to the three-judge panel should occur only in exceptional cases. However, where the issue of manifest injustice appears to be a close one, we would urge sentencing judges to resolve any doubt in favor of a referral pursuant to AS 12.55.165.

In this case, our review of the record convinces us that Judge Buckalew did not view the question of manifest injustice as a marginal one. There is nothing in the rec-

ord to suggest that the judge believed the mitigated presumptive term of three years would be manifestly unjust. We hold that Judge Buckalew did not apply an incorrect standard in determining the question of manifest injustice and that remand for application of the standard proposed by Lloyd is unwarranted.

Lloyd separately contends that Judge Buckalew should have found manifest injustice based on a mitigating factor not specifically enumerated in AS 12.55.-155(d). Lloyd relies on his lack of a criminal record, a mitigating factor that he maintains should have been considered by the sentencing court. According to Lloyd, since Judge Buckalew had no authority to consider any mitigating factors except those enumerated in AS 12.55.155(d), referral to the three-judge panel was necessary so that his sentence could reflect that he had no criminal record. However, because the lack of any prior record is highly relevant to a proper application of the *Chaney*[4] sentencing criteria, we believe that this factor could properly be considered by Judge Buckalew in determining the extent to which Lloyd's sentence should be adjusted in light of the specifically enumerated mitigating factors that were actually established. Judge Buckalew was aware of Lloyd's lack of a prior record when he imposed Lloyd's sentence; there is nothing to suggest that Judge Buckalew did not consider this factor in his decision to reduce Lloyd's sentence from six years to three years. We further note that Lloyd never relied on this factor as a basis for requesting referral of his case to the three-judge panel. We conclude that Judge Buckalew did not err in failing to refer Lloyd's case to the three-judge panel to allow further reduction of Lloyd's sentence based on his lack of prior criminal convictions.

**3.** We do not mean to imply that merely because manifest injustice is a subjective standard, sentencing judges have absolute discretion. We think that a sentencing judge must consider the *Chaney* sentencing criteria in determining the existence of manifest injustice. *State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1971). If consideration of these criteria leads a judge to conclude that it is clearly necessary to impose a sentence either above or below the limits permissible by use of the applicable presumptive term, adjusted for any aggravating or mitigating factors, then a finding of manifest injustice will be appropriate.

**4.** *State v. Chaney,* 477 P.2d at 443–44.

Finally, Lloyd asserts that Judge Buckalew committed error by failing to conclude that, in light of the totality of the circumstances, referral to the three-judge sentencing panel was necessary because imposition of the adjusted presumptive term would amount to manifest injustice. Lloyd relies on several specific circumstances tending to show his limited involvement in the offense, his good background, and his favorable prospects for rehabilitation. However, these circumstances were presented to Judge Buckalew, and he considered them in imposing Lloyd's sentence. We conclude that the judge did not commit error by refusing to find manifest injustice and declining to refer Lloyd's case to the three-judge panel on the basis of these circumstances.

We have independently reviewed the sentencing record and have concluded that the three-year sentence imposed by Judge Buckalew was not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.