**George G. BARTHOLOMEW, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. A–1380.**

Court of Appeals of Alaska.

May 30, 1986.

James T. Mulhall, Birch, Horton, Bittner, Pestinger & Anderson, Fairbanks, for appellant.

Kenneth J. Goldman, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

George Bartholomew was convicted after pleading no contest to one count of sexual assault in the first degree, an unclassified felony, AS 11.41.410, and one count of sexual abuse of a minor in the second degree, a class B felony, AS 11.41.436(a)(3) and (b). Superior Court Judge Jay Hodges sentenced Bartholomew to a presumptive eight-year term on the sexual assault charge and to a consecutive, three-year suspended term on the sexual abuse charge. Bartholomew appeals, contending that Judge Hodges erred in rejecting a request to refer his case to the three-judge sentencing panel. *See* AS 12.55.165–12.55.-175.

1. *See Smith v. State,* 711 P.2d 561 (Alaska App. 1985).

Bartholomew's three-judge panel argument relies on this court's decision in *Smith v. State*, 711 P.2d 561 (Alaska App. 1985). Unlike the defendant in *Smith*, however, Bartholomew does not qualify as a youthful first offender. He was thirty-six years of age at the time of his conviction. He had been convicted of burglary as a minor, and, as an adult, had been convicted and had spent four weeks in jail for contempt of court. Moreover, Bartholomew's conviction in the present case was not for a single, impulsive episode of criminal misconduct. Rather, he was convicted of two separate offenses that reflected a prolonged pattern of sexual abuse Bartholomew inflicted on a member of his own family, his step-daughter, over a period of approximately four years.

Finally, the sentencing record does not support the conclusion, as it did in *Smith*, that Bartholomew's prospects for successful rehabilitation are exceptionally good. In *Smith*, the sentencing judge intimated that the period of time served in jail by the defendant prior to sentencing was adequate to fulfill the sentencing goals of reformation and individual deterrence. The sentencing judge affirmatively concluded that no significant additional rehabilitative efforts were required and that, indeed, prolonged incarceration would likely damage the defendants' chances for rehabilitation. *Smith v. State*, 711 P.2d at 566.

No comparable findings were made in this case, nor, in our view, could such findings have been made. Bartholomew's remorse appears to be genuine, and his willingness to undergo treatment seems exemplary. Certainly, as reflected in his psychiatric report, Bartholomew appears to be a good candidate for rehabilitation when compared to similarly situated offenders.

Yet it is undisputed that Bartholomew would require a substantial period of treatment in a closely supervised setting before successful rehabilitation could be predicted with any degree of assurance. Given the seriousness and duration of Bartholomew's offenses, the uncertain etiology of his conduct, and the nature and extent of his psychological and emotional problems, any definitive attempt at a prognosis for his ultimate success at rehabilitation would, at this point, be wholly speculative.

Having independently reviewed the entire sentencing record, we conclude that Judge Hodges was not clearly erroneous in denying Bartholomew's request for referral to the three-judge sentencing panel and that the sentences imposed by Judge Hodges are not clearly mistaken. *See McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974); *Juneby v. State*, 641 P.2d 823 (Alaska App.1982), *modified on other grounds*, 665 P.2d 30 (Alaska App.1983).

The sentence is AFFIRMED.[1]

---

**1.** Although Judge Hodges found only that imposition of the presumptive term would not amount to manifest injustice and did not separately address the question whether failure to consider rehabilitation in imposing a sentence would be manifestly unjust, *see Smith v. State*, 711 P.2d at 571–72, we find a remand for additional findings would serve no useful purpose in this case. As the state directly notes, Judge Hodges had discretion to consider rehabilitation as a component of the non-presumptive sentence he imposed for Bartholomew's conviction of sexual abuse of a minor in the second degree. The fact that Judge Hodges elected to impose a consecutive sentence (albeit suspended) on that charge provides adequate assurance that, in Judge Hodges' view, the goal of rehabilitation could adequately be considered without the need for referral to the three-judge sentencing panel.