Michael BOND, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2066.

Court of Appeals of Alaska.

Dec. 24, 1987.

Joseph A. Kalamarides, Kalamarides & MacMillan, Anchorage, for appellant.

Cynthia L. Ducey, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

Michael Bond was convicted by a jury of misconduct involving a controlled substance in the second degree, a class A felony.  AS 11.71.020.  A defendant convicted of a class A felony is subject to a

---

maximum sentence of twenty years. The presumptive sentence for a first felony offender is five years. AS 12.55.125(c). Bond is a first felony offender. Trial Judge Roy H. Madsen concluded that imposing the five-year presumptive term would constitute manifest injustice and referred the case to the three-judge panel. AS 12.55.165. In referring Bond's case to the three-judge panel, Judge Madsen relied on *Lloyd v. State*, 672 P.2d 152, 154 (Alaska App.1983), which directed trial judges to resolve doubts about whether a particular presumptive sentence constituted manifest injustice in favor of referring the case to the three-judge panel.

■ Bond was convicted of delivering one hundred Dilaudid tablets for $5,000 to undercover Officer Wilbur Hooks through an accomplice, Willie Roberts. The panel concluded that this offense was significant, based upon the quantity of drugs and the amount of money involved. The panel concluded that this sale had been made to obtain a monetary profit. At the time of sentencing Bond was forty-one years of age. His only prior conviction was for manufacturing alcohol in 1984. He was sentenced to thirty days with twenty days suspended on this offense. The three-judge panel concluded that Bond's prospects for rehabilitation were good, but not so extraordinary that imposition of the presumptive term would be manifestly unjust. In making this finding, the court pointed out Bond's clean prior record, responsible family history, history of community service, and support from the community. The panel directed Judge Madsen to impose the presumptive term. On remand from the three-judge panel, Judge Madsen imposed the five-year presumptive term. Bond now appeals. We affirm.

Bond first argues that the three-judge panel erred in not finding the presumptive term manifestly unjust because of his prospects for rehabilitation. *See Smith v. State*, 711 P.2d 561 (Alaska App.1985). Given Bond's age and the nature and seriousness of his offense, however, we believe that the three-judge panel could properly find that Bond's good prospects for rehabil-itation did not require imposition of less than the presumptive sentence.

■ Bond next argues that the three-judge panel erred in not considering the fact that he had been under court custody for two years prior to his conviction. Bond was tried three times before he was ultimately convicted of this offense. In his appeal, Bond has not argued that his conditions of release were particularly onerous. The fact that he was facing charges for two years and had to undergo three trials, however, is a difficult circumstance that a sentencing court could consider. It seems clear, however, that the three-judge panel did consider this fact and still concluded that imposition of the presumptive term would not be manifestly unjust. We believe that the three-judge panel could properly arrive at this conclusion. Most defendants in criminal cases will have their freedom restricted to some degree and will be under enormous pressure because of pending criminal charges. Because of the length of the proceedings and the fact that he had to undergo three trials, it appears that Bond's experience may have been more difficult than most. We do not believe, however, that this circumstance was so egregious as to require the three-judge panel to afford Bond relief by finding the existence of a nonstatutory mitigating factor and reducing Bond's sentence from the presumptive term.

■ Bond next argues that his sentence is excessive in comparison with other sentences for similar offenses. Bond cites *McReynolds v. State*, 739 P.2d 175 (Alaska App.1987). In *McReynolds*, we concluded that McReynolds' sentence for a transfer of heroin should not exceed five years with two and one-half years suspended. *McReynolds'* case, however, involved the sale of less than one-quarter of a gram of heroin for one hundred dollars under mitigated circumstances. *Id.* at 179–180. In *McReynolds'* case, the trial judge found two distinct mitigating factors. The judge found that the offense involved a small quantity of drugs. AS 12.55.155(d)(14). The trial judge also found that McReynolds' conduct was among the least serious within the

definition of the offense. AS 12.55.-155(d)(9). We summarized McReynolds' conduct as follows:

In short, McReynolds was convicted of an isolated, non-commercial sale of a minute quantity of drugs; the transaction was instigated by McReynolds' friend, and McReynolds apparently derived no personal profit therefrom. Without assuming the presence of extraordinary circumstances that would have justified referral to the three-judge panel, it is difficult to envision a less serious transaction involving heroin than the one involved in this case, or one that would depart further from the type of conduct that is characteristic of this type of offense.

739 P.2d at 180 (footnote omitted).

By contrast, Bond's sale involved a substantial quantity of drugs for a substantial amount of money and was done strictly for profit. We have reviewed the other cases cited by Bond and conclude that the sentence which Bond received is not out of line with other sentences that have been imposed for similar offenses, even in light of the provisions of the revised criminal code. Given Bond's age and the nature and seriousness of his offense, we conclude that the sentence which he received was not clearly mistaken.

The judgment of the superior court is AFFIRMED.