**Dale P. WINTHER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2148.**

Court of Appeals of Alaska.

Feb. 19, 1988.

William A. Davies, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Kenneth S. Roosa, Asst. Dist. Atty., and Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

SINGLETON, Judge.

Dale P. Winther pled no contest and was convicted of three counts of sexual abuse of a minor in the first degree, an unclassified felony. AS 11.41.434(a)(1). The maximum penalty is thirty years incarceration. Presumptive terms are eight years for a first-felony offender, fifteen years for a second-felony offender, and twenty-five years for a third-felony offender. AS 12.-55.125(i). Judge Mary E. Greene found no mitigating factors. AS 12.55.155. She concluded, however, that imposition of the presumptive term would be manifestly unjust in light of Winther's prospects for rehabilitation. Consequently, she referred Winther to a three-judge panel for sentencing. AS 12.55.165—.175. The three-judge panel declined to reduce Winther's sentence and remanded for sentencing by Judge Greene. Judge Greene imposed three concurrent eight-year presumptive terms. Winther appeals, we affirm.

## THE OFFENDER

At the time of sentencing, Winther was thirty-eight years of age. He graduated from high school in 1966, and attended trade school. He is a lifelong Alaska resident, has been steadily employed since high school, and has no previous criminal record. Winther has been married twice and has two children by his second marriage, one of whom was the victim in this case. He has also made a home with his girlfriend, B.C., and her three children. Winther served in the United States Army from June of 1968, until June of 1970, and was honorably discharged. A number of people wrote letters of support for Winther in connection with his sentencing.

Winther was examined by Dr. Jane Krauss, a Fairbanks psychologist, and Phillip Gilbert, a counselor affiliated with Winther's church. Both considered Winther's prospects for rehabilitation to be good. In addition, at the state's request and prior to the hearing before the three-judge panel, Winther was examined by Dr. David J. Coons, an Anchorage psychiatrist affiliated with Alaska Psychiatric Institute. Coons also felt that Winther's prospects for rehabilitation were very good and that while some incarceration was warranted, the eight-year presumptive term for Winther's offense would be counter-productive.

## THE OFFENSE

T.J.W. is Winther's natural daughter. In the fall of 1985, her parents were separated and she was living in Fairbanks with Winther. She was eleven years old at the time. She reported that Winther had been sexually abusing her at their home from approximately November 1985, through May 1986. According to her reports, the abuse included digital and penile sexual penetration, as well as oral sexual contact. There may have been as many as fifty separate incidents of sexual abuse.

## THE SENTENCE

Winther first appeared before Judge Greene for sentencing on January 2, 1987. He presented the testimony of Thomas R. Ledbetter, his pastor; Dr. Jane Krauss, his therapist; Jane Pryor, his mother; and B.C., his girlfriend. The testimony indicated that, except for the present offense, Winther had an exemplary background. In the view of Dr. Krauss, Winther's pros-

pects for rehabilitation were good. Judge Greene decided to refer the case to a three-judge panel. She found by clear and convincing evidence that manifest injustice would result from the inability of the court to consider Winther's potential for rehabilitation. She did not find manifest injustice from the imposition of the presumptive term standing alone. She continued:

I find the following facts: First, that Mr. Winther, prior to the disclosure, had the desire to stop the molest, but he found himself unable to do so due to, in all probability, his particular compulsive personality type. Second, that since ... the disclosure [he] has made efforts to assist his daughter in her rehabilitation and to prevent further psychological harm to his daughter. I find ... predisclosure by the fact that he sent her to California to live, that ... he waived grand jury indictment and entered a plea here, and made full disclosure to the police. I note that Mr. Winther has no prior felonies, certainly, or he wouldn't be in the eight-year presumptive. I note also he has no misdemeanor contacts with law enforcement. I believe his sole prior is a 1979 traffic ticket. I find that to be fairly exceptional for someone who's facing this kind of sentencing proceeding. I believe his current attitude and progress to be quite good, and I believe that his current prospects for rehabilitation are somewhere in the range of better than average to excellent.... Further, I think that evidence of Mr. Winther's rehabilitation potential is the fact that he has good family support; that he has an excellent work history and that other than this offense, which I consider to be an extremely serious one, he has led a good and exemplary life. If I had it within my powers I would impose a substantial sentence. At most, if it was within my powers, I would knock one or two years off of this presumptive. The primary purpose for my referral is that I think that everyone could be best served by making Mr. Winther [eligible for] probation or parole ... at the discretion of the parole board, at which point Mr. Winther could prove, through a sexual of-

fender treatment program, the potential that he has shown at this point for his rehabilitation. He could be released. He could, at that point, support his families financially as well as emotionally. And I think that justice would be served by a sentence in the range of six years with probation eligibility up to the eight years.

Judge Greene found one aggravating factor, the victim and the defendant were members of the same household. AS 12.-55.155(c)(18). She concluded that the aggravating factor would not warrant an increase in the sentence.

On April 3, 1987, a further sentencing hearing was held before a three-judge panel composed of Brian C. Shortell, Chairman, Peter A. Michalski and Rene Gonzalez, three judges of the superior court. The three-judge panel heard testimony from Dr. Coons, Phillip Gilbert, and B.C. The three-judge panel agreed with Judge Greene that Winther's prospects for rehabilitation were better than average. In support of this finding, the panel concluded:

(a) Winther is aware of and accepts his guilt, (b) Winther does not shift the blame to the child, (c) Winther made early efforts to get counseling and sincerely participated in counseling before and after incarceration, (d) Winther cares for his children, and (e) the psychological reports indicate that his prognosis for rehabilitation is good.

The panel, with Judge Gonzalez dissenting, concluded, however, that Winther should receive the eight-year presumptive term. In reaching its conclusion, the panel relied on the following negative factors:

(a) Winther is a highly manipulative person, (b) Winther's abuse of his young daughter occurred over a long period of time, (c) Winther has significant psychological problems which caused the abuse and are expected to continue, (d) it is questionable whether therapy will cure his psychological problems, (e) Winther had substantial motivation to present himself in a good light, and (f) Winther has been insensitive to the feelings of both his daughter and his son.

Having evaluated the evidence, the three-judge panel reached the following conclusion:

> Balancing all relevant sentencing considerations, including the seriousness of the offense, the need to deter Winther and others from similar crimes, and the community's condemnation of Winther's conduct, and the defendant's evidence, we find that deterrence, reaffirmation of societal norms and community condemnation of the offense assume a position of priority in the sentencing goals such that this panel cannot find that manifest injustice would result from the failure to consider Winther's better than average prospects for rehabilitation in order to reduce his presumptive sentence.

The three-judge panel therefore remanded the case to Judge Greene for imposition of the presumptive term. On June 19, 1987, Judge Greene sentenced Winther to three concurrent eight-year presumptive terms for his offenses.

## DISCUSSION

■ Given her findings of fact, Judge Greene appropriately referred Winther's case to the three-judge panel for sentencing. *Dancer v. State,* 715 P.2d 1174, 1183 (Alaska App.1986). The three-judge panel is not bound, however, by the trial court's evaluation of the facts or determination of the law. *Kirby v. State,* 748 P.2d 757 (Alaska App.1987); *Bond v. State,* 747 P.2d 546 (Alaska App.1987).

Considering the age of Winther's victim, the duration of the offense, and the number of separate incidents of sexual abuse, a sentence of eight years would not have been clearly mistaken under the *Chaney* standards. *State v. Chaney,* 477 P.2d 441, 444 (Alaska 1970) (rehabilitation, deterrence of self and others, isolation, and reaffirmation of community norms). Consequently, we could not find that a sentence of eight years was necessarily "manifestly unjust" on this record. *See Dancer v. State,* 715 P.2d at 1177; *Bartholomew v. State,* 720 P.2d 54 (Alaska App.1986); *Lloyd v. State,* 672 P.2d 152, 155 (Alaska App.1983). Judge Greene concluded, however, that it would be manifestly unjust not to consider Winther's prospects for rehabilitation. *See Smith v. State,* 711 P.2d 561, 572 (Alaska App.1985). The three-judge panel agreed in part with Judge Greene, concluding that Winther's potential for rehabilitation was better than average. We interpret this conclusion as a finding that the nonstatutory mitigating factor specified in *Smith* was minimally established by clear and convincing evidence.

■ The three-judge panel, however, also expressed some reservations regarding Winther's prospects for rehabilitation. Nonstatutory mitigating factors are to be treated in the same way as statutory mitigating factors in determining whether a presumptive sentence should be modified. *Kirby,* at 763; *State v. Price,* 740 P.2d 476, 481 (Alaska App.1987). Establishment of an aggravating factor, and by extension a mitigating factor, does not necessarily require adjustment of a presumptive term. *Linn v. State,* 658 P.2d 150, 153 (Alaska App.1983). Nevertheless, we stated in *Smith:*

> There are many cases in which the court might readily find that the ultimate impact of a non-statutory factor on the presumptive term would be negligible. On this basis, the court could reasonably conclude that no manifest injustice would result if the factor were not considered in imposition of a sentence. Yet there will inevitably be many other cases in which a nonstatutory factor is so integrally related to the basic goals of sentencing that it would be plainly unfair to disregard it entirely for sentencing purposes, even when its actual impact on the presumptive sentence would be relatively modest.

711 P.2d at 570.

We then held in *Smith* that a first offender's potential for rehabilitation was integrally related to the basic goals of sentencing, *citing* art. I § 12 of the Alaska Constitution and *State v. Chaney.* In *Smith* and *Kirby,* however, we focused on the trial court and the circumstances under which a case should be referred to the

three-judge panel. In ordering that Kirby's case be referred to the panel, we said:

> The three-judge panel is, of course, free to reevaluate these facts in determining whether Kirby has the unusual prospects for rehabilitation required for application of the mitigating factor. The three-judge panel is not bound by [the trial judge's] findings nor is it bound by [the testifying psychologist's] testimony. Its power to independently determine the facts provides further assurance that use of nonstatutory mitigating factors will not result in undermining the legislative goals of avoiding disparity in sentencing.

*Kirby*, at 767.

 The three-judge panel is also free to apply the *Linn* test and determine whether, under the totality of the circumstances, and in light of the *Chaney* criteria, mitigating factors found should warrant a decrease in the presumptive term. Our past decisions make it clear that we encourage trial judges to refer marginal cases to the three-judge panel. *See Lloyd*, 672 P.2d at 155. We refrain from imposing any rigid rules on the three-judge panel to restrict its exercise of judgment regarding an appropriate sentence. Ultimately, the statutory scheme gives the three-judge panel substantial discretion in determining whether to modify presumptive sentences in light of nonstatutory aggravating or mitigating factors. We will disturb that discretion only where we are satisfied that its exercise was clearly mistaken. *Cf. McClain v. State*, 519 P.2d 811, 813 (Alaska 1974).

 Our independent review of the record sustains the finding of Judge Greene and the three-judge panel that Winther's prospects for rehabilitation are substantially better than average. The three-judge panel would have been acting within its discretion had it modified Winther's sentence in the manner recommended by Judge Greene. We are nevertheless satisfied that the majority decision of the three-judge panel was not clearly mistaken.[1]

Given Winther's age and the duration and nature of the abuse, we cannot say that his prospects for rehabilitation render an eight-year presumptive sentence manifestly unjust as a matter of law. *Bartholomew v. State*, 720 P.2d 54 (Alaska App. 1986).[2]

The sentence of the superior court is AFFIRMED.

---

1. In his sentencing memorandum, Winther challenges two related fact findings by the three-judge panel. We review these findings under the clearly erroneous standard. Winther argues that the panel erred when it found that he has significant psychological problems which caused the abuse and are expected to continue and that it is questionable whether therapy will cure his psychological problems. Winther argues that the psychological testimony was to the contrary. Neither the trial judge nor the three-judge panel is bound by expert testimony. *See Alto v. State*, 565 P.2d 492, 503 n. 17 (Alaska 1977); *Kirby*, at 757. While the three-judge panel's conclusions may differ from the conclusions reached by the psychologists, they find substan-

tial support in the totality of the evidence. These findings were not clearly erroneous.

2. In *Kirby*, we cautioned that neither the defendant's age nor the fact that he engaged in repetitive conduct necessarily disqualifies him from referral to the three-judge panel. We reaffirm that view here. Nevertheless, as we concluded in *Kirby*, the age difference between the victim and her assailant and the duration and frequency of the abuse are factors which the trial court and the three-judge panel can take into account in evaluating the impact a person's prospects for rehabilitation should have on his or her total sentence. The three-judge panel's consideration of these factors in this case was therefore proper.