**STATE of Alaska, Appellant,**

v.

**Charles S. RIDGWAY, Appellee.**

No. A–2133.

Court of Appeals of Alaska.

Feb. 26, 1988.

Renee R. Erb, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellant.

Barbara K. Brink, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Charles S. Ridgway was convicted after entering a plea of no contest to one count of sexual abuse of a minor in the first degree, in violation of AS 11.41.434(a)(2)(B). After finding that manifest injustice would result from failure to consider Ridgway's favorable prospects for rehabilitation, Su-

perior Court Judge Rene J. Gonzalez referred Ridgway's case to the three-judge panel for sentencing in accordance with AS 12.55.165–.175. The three-judge panel, with one member dissenting, accepted jurisdiction, agreed with Judge Gonzalez's factual findings, and sentenced Ridgway to a term of eight years with three years suspended. The three-judge panel also decided that Ridgway would be eligible for parole when he successfully completed a sex offender treatment program. The state appeals, contending that the sentence is too lenient.[1]

■ All but one of the arguments raised by the state in this case have been addressed in this court's recent decision in *Kirby v. State,* 748 P.2d 757 (Alaska App. 1987). The evidence of Ridgway's favorable potential for rehabilitation is similar in nature to the evidence presented in *Kirby.* Our decision in *Kirby* is therefore controlling here and mandates the conclusion that there was sufficient evidence to support referral to the three-judge panel.

This conclusion is also consistent with our more recent holding in *Winther v. State,* 749 P.2d 1356 (Alaska App., 1988). In *Winther,* we upheld a decision of the three-judge panel refusing to accept jurisdiction in a case involving a sexual offender whose background and conduct were in many respects similar to Ridgway's.

Winther was a thirty-eight-year-old first offender with a good employment record and favorable psychological evaluations. He was convicted of three counts of sexual abuse of a minor in the first degree based on multiple acts of sexual penetration that occurred over a seven-month period. The abuse involved his daughter, who was eleven years of age at the time.

The original sentencing judge concluded that Winther's prospects for rehabilitation were good to excellent and found that manifest injustice would occur if the eight-year presumptive term were imposed without taking Winther's prospects for rehabilitation into account. Relying on *Smith v.*

*State,* 711 P.2d 561, 572 (Alaska App.1985), the judge referred the case to the three-judge panel.

In affirming the three-judge panel's rejection of jurisdiction in *Winther,* we found no fault with the original sentencing judge's decision to refer the case to the three-judge panel, but we emphasized the three-judge panel's duty to reach an independent conclusion on the issue of manifest injustice, based on its own evaluation of the sentencing record. We noted that the three-judge panel appeared to have taken a less favorable view of Winther's prospects for rehabilitation than had been taken by the referring judge; balancing this assessment against the seriousness of Winther's case, the panel concluded that manifest injustice would not result from failure to consider Winther's prospects for rehabilitation. We held that this decision was not clearly mistaken. *Winther,* at 1360.

In the present case, Ridgway is a thirty-five-year-old offender with a good employment record and favorable psychological evaluations. While Ridgway was convicted of only one count of sexual abuse of a minor in the first degree, his conviction, like Winther's, reflects a prolonged pattern of sexual abuse. In Ridgway's case, the abuse occurred over a period of two or three years and involved his step-daughter, who was ten years old when the abuse began.

Unlike Winther's case, however, a majority of the three-judge panel here found the evidence of Ridgway's potential for rehabilitation to be compelling. The panel concluded that Ridgway's chances for success at rehabilitation were exceptional. On this basis, it concluded that, despite the seriousness of the offense, manifest injustice would occur if Ridgway's prospects for rehabilitation were entirely disregarded.

In our view, the evidence presented in both *Winther* and the present case was at least minimally sufficient to support a find-

---

1. Ridgway simultaneously pled no contest to one count of sexual abuse of a minor in the third degree, in violation of AS 11.41.438. He was sentenced for this offense by Judge Gonzalez, and the state has not challenged that sentence.

ing of manifest injustice. The disparity in results reached by the panel is explained by the panel's interpretation of the precise evidence before it in each case. The panel's evaluation of the evidence in *Winther* led it to conclude that manifest injustice had not been established; its evaluation of the evidence here led it to find that manifest injustice had been shown.

In this case, as in *Winther*, our own independent evaluation of the sentencing record leads us to conclude that the findings of the three-judge panel were not clearly mistaken.

■ The only issue raised by the state that is not controlled by our decision in *Kirby* is the contention that the three-judge panel is not authorized to impose a nonpresumptive term. The state's conten-

tion is without merit. Under AS 12.55.-175(c), the three-judge panel is expressly empowered to impose any sentence authorized for the offense. *See State v. Price,* 730 P.2d 159 (Alaska App.1986).[2]

Having independently reviewed the entire sentencing record, we conclude that the three-judge panel was not clearly mistaken in imposing Ridgway's sentence. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

---

**2.** Under this court's decision in *State v. Price,* 740 P.2d 476 (Alaska App.1987), the three-judge panel must refrain from giving more favorable treatment to an unspecified mitigating factor than would be accorded to a specified mitigating factor of comparable significance. The present case, however, was decided before this court's decision in *Price* was issued. In arguing the present case before the three-judge panel, the state did not attempt to argue that the panel should have placed greater restrictions on Ridg-

way's eligibility for parole. Moreover, the overall sentence imposed by the three-judge panel exceeds the minimum adjusted presumptive term that a single judge could have imposed had a statutory mitigating factor been established. Under these circumstances, we find no basis for concluding that the three-judge panel was clearly mistaken in providing that Ridgway should be eligible for parole upon completion of a sexual rehabilitation program.