Marvin Wayne HUSKE, Appellant,

v.

MUNICIPALITY OF ANCHORAGE,
Appellee.

No. 3713.

Supreme Court of Alaska.

July 28, 1978.

William H. Jacobs, Jacobs, Branson &
Guetschow, Anchorage, for appellant.

Laura L. Davis, Municipal Intern, Allen
M. Bailey, Municipal Pros. and Theodore D.
Berns, Municipal Atty., Anchorage, for appellee.

OPINION

Before BOOCHEVER, C. J., and RABI-
NOWITZ, CONNOR, BURKE and MAT-
THEWS, JJ.

PER CURIAM.

After trial by jury in the district court,
appellant Marvin Huske was convicted of
the separate offenses of driving while intoxicated and leaving the scene of an accident.[1] Huske appealed his conviction to the
superior court without success.

In his appeal to this court, Huske
contends that he should be granted a new
trial because of the district court's refusal
to give a requested jury instruction relating
to the bias of the primary witnesses for the
prosecution.[2] Our study of the record has
convinced us that this appeal is devoid of
merit. The potential bias of the witnesses
was illuminated for the jury's consideration
through defense counsel's cross-examination of prosecution witnesses and his final
argument. Given the foregoing and the
fact that the district court properly instructed the jury concerning the criteria
they should consider in determining the
credibility of witnesses,[3] we hold that the

---

1. See Anchorage Code of Ordinances §§ 9.10.-
020 and 9.28.020.

2. The requested instruction reads:
   In evaluating the credibility of witnesses,
   you may consider reasons due to which witnesses may be biased. In the event the defendant is convicted of driving while intoxicated, the judgment of conviction would be
   proof of negligence in any action for damages
   arising out of the collision.
   In Scott v. Robertson, 583 P.2d 188 (Alaska
   1978), we discussed the effect of a prior
   conviction for driving while intoxicated on a
   subsequent civil negligence action.

3. The district court's instruction relating to witness credibility was as follows:
   You are the sole judges of the credibility of
   the witnesses and of the weight to be given
   to the testimony of each of them. In determining the credit to be given any witness you
   may take into account his ability and opportunity to observe, his memory, his manner
   while testifying, any interest, bias or prejudice he may have, and the reasonableness of
   his testimony considered in the light of all
   the evidence in the case.
   A witness willfully false in one part of his
   testimony may be distrusted in others.

district court did not abuse its discretion in refusing to give the requested bias instruction.[4]

The superior court's affirmance of the district court's judgment is Affirmed.

4. Whether or not a particular instruction should be given is in the discretion of the trial court. *Buchanan v. State,* 561 P.2d 1197, 1207 (Alaska 1977). *See* Alaska R. Crim. P. 30.