Charles A. GRIFFITH, Appellant,

v.

STATE of Alaska, Appellee.

No. 6233.

Court of Appeals of Alaska.

Oct. 29, 1982.

Ray Funk, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Peter A. Michalski, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

PER CURIAM.

Defendant was convicted of robbery in the first degree. AS 11.41.500. Robbery in the first degree is a class A felony. AS 11.41.500(b). Class A felonies are subject to a maximum penalty of twenty years and presumptive terms of six years for a first offender who uses a firearm or causes serious personal injury, ten years for a second felony offender, and fifteen years for a third felony offender. AS 12.55.125(c)(1)–(3). The trial court found that Griffith had been convicted of two prior felonies and sentenced him to fifteen years. No aggravating or mitigating factors were argued or found.

It is undisputed that Griffith has been convicted of more than one prior felony. Griffith concedes that he did not receive a total discharge from supervision for his most recent prior felony within the past seven years. Griffith's most recent felony was committed in 1975. However, Griffith argues an earlier felony committed in 1958 occurred more than seven years prior to the 1975 offense. Griffith contends that AS 12.55.145 should be interpreted so that once there is any break of seven years between discharge from supervision after one felony conviction and commission of a new offense, offenses occurring prior to the seven year break may no longer be considered for purposes of presumptive sentencing. AS 12.-55.145 provides in relevant part:

> *Prior convictions.* (a) For purposes of considering prior convictions in imposing sentence under this chapter
>
> (1) a prior conviction may not be considered if a period of seven or more years has elapsed between the date of the de-

fendant's unconditional discharge on the immediately preceding offense and commission of the present offense; . . .

 We believe that this statute is clear and unambiguous and allows only one interpretation. Where a defendant has spent seven years between the date of his unconditional discharge on his most recent prior felony without committing another felony, he is not subject to presumptive sentencing. Where however, less than seven years separates his unconditional discharge on a prior felony from the commission of his current offense then all prior felony offenses however remote may be considered for purposes of presumptive sentencing. We recognize that such a rule might work injustice in a particular case, but we believe the legislative scheme is clear and unequivocal. We note that a safety valve exists in AS 12.55.165–.175 which provides for referral to a three-judge panel where imposition of presumptive sentences would work a "manifest injustice." The three-judge panel is empowered to impose a sentence which deviates from the presumptive sentence if warranted. We believe this is the only recourse the statute leaves to someone like Mr. Griffith who has an extensive criminal record and who has been under supervision within the past seven years.

The judgment and sentence of the superior court are AFFIRMED.[1]

---

1. Griffith also argues that the trial court committed error in failing to give his Instruction No. 2 which reads: "It is not unlawful for a person to carry a handgun that is visible to others." Alternatively, he contends, the trial court committed error in failing to grant a mistrial when the prosecutor told the jury that Griffith had no legal right to carry a gun to argue about a debt. We have carefully reviewed the record, and have concluded that the trial court did not abuse its discretion in denying the motion for mistrial. *See Roth v. State,* 626 P.2d 583 (Alaska App.1981). In addition, in light of the instructions given, which we believe adequately described the elements of the offense, we do not believe the trial court erred in refusing to give the defendant's instruction. *See Huske v. Municipality of Anchorage,* 585 P.2d 504 (Alaska 1978); *Buchanan v. State,* 561 P.2d 1197 (Alaska 1977).