STATE of Alaska, Petitioner,

v.

Keith V. PRICE, Respondent.

No. A–1648.

Court of Appeals of Alaska.

Dec. 19, 1986.

Rehearing Denied Jan. 13, 1987.

David Mannheimer, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for petitioner.

Robert A. Evans, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for respondent.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

In this case, the state has petitioned for review of a sentencing order entered by the three-judge panel. The state asks us to find that the sentence imposed by the panel is illegal. We have granted review because the petition raises an important question of law as to which there is a substantial ground for difference of opinion. *See* Alaska R.App.P. 402(b)(2).

Keith V. Price was convicted of assault in the first degree, a class A felony. *See* AS 11.41.200. The offense resulted from an incident in which Price attacked his girl-friend with a knife. Price had no prior felony convictions. Because he used a dangerous instrument in committing the assault, he was subject to a presumptive term of seven years' imprisonment. AS 12.55.-125(c). At Price's sentencing hearing, the trial judge found no applicable statutory mitigating factors, but concluded that Price's favorable prospects for rehabilitation amounted to an unspecified mitigating factor warranting referral to the three-judge sentencing panel under AS 12.55.-165.[1]

Upon referral, the three-judge panel held a hearing and accepted the unspecified mitigating factor that had been found by the trial court. Based on this factor, the panel proceeded to sentence Price in accordance with AS 12.55.175. Over the state's objection, the three-judge panel ordered the imposition of Price's sentence to be suspended on condition that Price serve a one-year period of incarceration and complete five years of probation.

---

1. In *Smith v. State*, 711 P.2d 561 (Alaska App. 1985), we held that an offender's favorable background and good prospects for rehabilita-
tion could, under certain circumstances, amount to an unspecified mitigating factor warranting referral under AS 12.55.165.

In its petition for review, the state renews the objection that it raised below. It does not challenge the panel's finding of an unspecified mitigating factor, nor does it contest the panel's jurisdiction to sentence Price. Rather, the state's claim is that the panel had no legal authority to impose a sentence of less than fifty per cent of the prescribed presumptive term—in this case, three and one-half years' imprisonment.

The state's argument is predicated on AS 12.55.155(a)(2), which restricts the amount by which a judge can reduce a presumptive sentence upon proof of a mitigating factor. This provision states, in relevant part:

> If a defendant is convicted of an offense and is subject to [presumptive] sentencing ... and the presumptive term of imprisonment is more than four years, the court may decrease the presumptive term by an amount as great as 50 per cent of the presumptive term for factors in mitigation.

The state notes that this section is not expressly restricted to the statutory mitigating factors that are included in AS 12.-55.155(d). The state further notes that the statute's reference to "the court" is broad enough to apply to the three-judge sentencing panel, as well as to an individual sentencing judge. On this basis, the state reasons that the fifty percent restriction contained in AS 12.55.155(a)(2) applies to the three-judge sentencing panel when that panel's jurisdiction is based on the existence of a non-statutory mitigating factor. Thus, according to the state, "proof of an unlisted mitigating factor only empowers the three-judge panel to adjust the presumptive term by the same amount as a trial judge would be allowed to adjust it if the defendant had proved one of the miti-

gating factors listed in AS 12.55.155(d)." Because, in Price's case, the panel's sentencing jurisdiction was based exclusively on the presence of an unspecified mitigating factor, the state contends that the panel only had authority to sentence Price to a term of not less than one half of the applicable seven-year presumptive term.

We find no merit to the state's argument. When properly read in context with the entirety of the section in which it appears, subparagraph (a)(2) of AS 12.55.155 plainly addresses only the specific mitigating factors included in subsection (d). Similarly, the subsection plainly speaks only to the sentencing authority of individual sentencing judges. There is nothing in the context or wording of the statute even remotely suggesting that it was intended to address the sentencing powers of the three-judge panel, which are separately set out in AS 12.55.175.

Furthermore, nothing in the legislative commentary to AS 12.55.155 indicates that this section was meant to apply to unlisted mitigating factors or to the three-judge panel. To the contrary, the discussion included in the commentary to AS 12.55.155 specifically uses the term "the court" in opposition to "three-judge sentencing panel":

> Only those factors listed may be considered by *the court*. If a factor is not listed ... the factor may only be considered by a three-judge sentencing panel pursuant to the procedures specified in AS 12.55.165–12.55.175.[2]

This passage clearly manifests the legislature's understanding that "the court" constituted a reference to individual sentenc-

---

**2.** Commentary on the Alaska Revised Criminal Code, Senate Journal Supplement No. 47 at 160, 1978 Sen.J. 1399 (emphasis added). We further note that the same contrasting usage of "the court" and "three-judge panel" may be found in AS 12.55.165, which sets out the conditions under which individual sentencing judges are to refer cases to the three-judge panel. AS 12.55.-165 provides in relevant part:

> If the defendant is subject to [presumptive sentencing] and the court finds by clear and

convincing evidence that manifest injustice would result from failure to consider relevant aggravating or mitigating factors not specifically included in AS 12.55.155 or from imposition of the presumptive term, whether or not adjusted for aggravating or mitigating factors, the court shall enter findings and conclusions and cause a record of the proceedings to be transmitted to a three-judge panel for sentencing under AS 12.55.175.

ing judges, and not to the three-judge panel.

The limited scope of AS 12.55.155(a)(2) is also made abundantly clear in AS 12.55.175, the statutory provision delineating the three-judge panel's sentencing authority. In relevant part, AS 12.55.175 provides:

> (b) ... If the panel finds that manifest injustice would result from failure to consider relevant aggravating or mitigating factors not specifically included in AS 12.55.155 or from imposition of the presumptive term, whether or not adjusted for aggravating or mitigating factors, it shall sentence the defendant in accordance with this section.
>
> (c) The three-judge panel may in the interest of justice sentence the defendant to any definite term of imprisonment up to the maximum term provided for the offense or to any sentence authorized under AS 12.55.015.

Under subsection (b), the three-judge panel is required to exercise its sentencing powers "in accordance with this section," and not in accordance with AS 12.55.155. The plain language of subsection (b) extends this requirement to cases where the jurisdiction of the panel is invoked by an unlisted mitigating factor, as well as to those where jurisdiction is based on the manifest injustice of the presumptive term.

Under subsection (c), moreover, the panel is expressly empowered to "sentence the defendant to any definite term of imprisonment up to the maximum term provided for the offense...." There is utterly no basis for concluding that this express grant of sentencing authority was intended by the legislature to be qualified by the provisions of AS 12.55.155(a)(2).

The plain language of AS 12.55.175(b) and (c), coupled with the absence of any legislative history to support the position advocated by the state, convinces us that the sentencing powers of the three-judge

panel are not subject to restriction under AS 12.55.155(a)(2). We therefore hold that, in this case, the three-judge panel did not exceed the scope of its legal authority.

The order of the three-judge panel is AFFIRMED.[3]

---

**3.** Our opinion extends only to the legality of the sentence imposed by the three-judge panel and is not intended to address the soundness of the panel's discretion in imposing the sentence that it did. Under Appellate Rule 215(b), the state is expressly authorized to appeal if it believes Price's sentence is too lenient. In the event the state elects to appeal Price's sentence as too lenient, its appeal should be filed within thirty days of the issuance of this opinion.