**STATE of Alaska, Petitioner,**

v.

**William WAGNER, Respondent.**

No. A–3932.

Court of Appeals of Alaska.

June 19, 1992.

Kenneth M. Rosenstein, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for petitioner.

James H. Cannon, Asst. Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for respondent.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

BRYNER, Chief Judge.

In this case, we must decide whether the mandatory consecutive sentencing provisions of AS 12.55.025(h) apply to cases in which the three-judge panel exercises the broad sentencing powers conferred to it under AS 12.55.165—12.55.175.

After pleading no contest, William Wagner was convicted of two counts of first-degree sexual abuse of a minor, in violation of AS 11.41.434(a)(1); each count related to a different victim. Under AS 12.55.125(i), Wagner, a first felony offender, was subject to a presumptive term of eight years for each count. Moreover, Wagner was subject to the mandatory consecutive sentencing provisions of AS 12.55.025(h):

If the defendant has been convicted of two or more crimes under ... AS 11.41.-410—11.41.455 in which the victim or vic-

---

**5.** We have reviewed Glen's other assertions of error and conclude that they lack merit.

tims of the crimes were minors ..., the court shall impose some consecutive period of imprisonment for each conviction.

Prior to sentencing, Wagner alleged that his potential for rehabilitation was exceptionally good and that this amounted to a non-statutory mitigating factor warranting referral of his case to the three-judge panel. *See Smith v. State*, 711 P.2d 561 (Alaska App.1985).[1] Superior Court Judge Jay Hodges found that Wagner had established the alleged mitigating factor and sent the case to the three-judge panel for imposition of a non-presumptive term.

Upon referral, the three-judge panel, with one judge dissenting,[2] concurred in Judge Hodges' finding of a non-statutory mitigating factor. The panel proceeded to sentence Wagner to concurrent terms of eight years with three years suspended on each count. The state then requested the panel to amend the sentence, contending that it was illegal as imposed. Relying on AS 12.55.025(h), the state argued that the panel was obligated to impose at least

some portion of Wagner's sentences on the two counts for which he was convicted consecutively. With one member dissenting,[3] the panel denied the state's request, concluding that the mandatory consecutive sentencing provisions of AS 12.55.025(h) applied only to sentences imposed by individual judges and did not restrict the sentencing powers of the three-judge panel.

The state subsequently petitioned this court for review of the three-judge panel's decision to impose concurrent sentences. Finding the case to present an important legal issue of first impression,[4] we granted the state's petition and ordered briefing on the merits. The sole issue presented on review is whether AS 12.55.025(h) applies to sentencing decisions made by the three-judge panel. We conclude that the statute does apply.

The sentencing powers of the three-judge panel are set out in AS 12.55.175.[5] Subsection (c) of this provision vests the panel with broad authority to depart from the strictures of the presumptive sentencing

---

1. The authority of the three-judge panel to take sentencing jurisdiction over presumptive sentencing cases involving non-statutory aggravating or mitigating factors is set out in AS 12.55.-165, which provides:

   *Extraordinary circumstances.* If the defendant is subject to sentencing under AS 12.55.-125(c), (d), (e), or (i) and the court finds by clear and convincing evidence that manifest injustice would result from failure to consider relevant aggravating or mitigating factors not specifically included in AS 12.55.155 or from imposition of the presumptive term, whether or not adjusted for aggravating or mitigating factors, the court shall enter findings and conclusions and cause a record of the proceedings to be transmitted to a three-judge panel for sentencing under AS 12.55.175.

2. Superior Court Judge Beverly W. Cutler dissented from the finding.

3. Judge Cutler was again the dissenting member of the panel.

4. *See* Alaska R.App.P. 402(b)(2).

5. AS 12.55.175 provides:

   **Three-judge sentencing panel.** (a) There is created within the superior court a panel of five superior court judges to be appointed by the chief justice in accordance with rules and for terms as may be prescribed by the supreme court. Three judges of the panel shall be designated by the chief justice as members.

The remaining two judges shall be designated by the chief justice as first and second alternates to sit as members in the event of disqualification or disability in accordance with rules as may be prescribed by the supreme court.

(b) Upon receipt of a record of proceedings under AS 12.55.165, the three-judge panel shall consider all pertinent files, records, and transcripts, including the findings and conclusions of the judge who originally heard the matter. The panel may hear oral testimony to supplement the record before it. If the panel finds that manifest injustice would result from failure to consider relevant aggravating or mitigating factors not specifically included in AS 12.55.155 or from imposition of the presumptive term, whether or not adjusted for aggravating or mitigating factors, it shall sentence the defendant in accordance with this section. If the panel does not find that manifest injustice would result, it shall remand the case to the sentencing court, with a written statement of its findings and conclusions, for sentencing under AS 12.55.125.

(c) The three-judge panel may in the interest of justice sentence the defendant to any definite term of imprisonment up to the maximum term provided for the offense or to any sentence authorized under AS 12.55.015.

(d) Sentencing of a defendant or remanding of a case under the section shall be by a majority of the three-judge panel.

**456**

statutes that would otherwise limit the authority of an individual sentencing judge:

(c) The three-judge panel may in the interest of justice sentence the defendant to any definite term of imprisonment up to the maximum term provided for the offense or to any sentence authorized under AS 12.55.015.[6]

■ We have previously characterized the three-judge panel's broad sentencing powers as a "safety valve" for avoiding manifest injustice in presumptive sentencing cases. *Griffith v. State*, 653 P.2d 1057, 1058 (Alaska App.1982). We have thus recognized that the panel's sentencing authority is not restricted by statutory provisions governing the imposition of presumptive sentences by individual judges. *See State v. Price*, 730 P.2d 159, 160–61 (Alaska App. 1986).

■ We have never held, however, that the three-judge panel is exempt from sentencing restrictions contained in statutes that are unrelated to Alaska's presumptive sentencing law. The three-judge panel is uniquely a creature of presumptive sentencing. An individual sentencing judge may refer a case to the three-judge panel only when "manifest injustice would result from failure to consider relevant aggravating or mitigating factors not specifically included in AS 12.55.155 or from imposition of the presumptive term." AS 12.55.165. Likewise, the panel may accept jurisdiction over a case referred to it only if it finds manifest injustice resulting from application of the presumptive sentencing provision. AS 12.55.175(b). Because the legislature has restricted the three-judge panel's "safety valve" function to presumptive sentencing cases, we see no basis for construing AS 12.55.175(c) to exempt the panel from sentencing requirements enacted outside the context of presumptive sentencing legislation.

6. AS 12.55.015, in turn, gives courts a broad range of sentencing alternatives, subject to restrictions applicable under mandatory minimum sentencing provisions or presumptive sentencing statutes:

**Authorized sentences.** (a) Except as limited by AS 12.55.125—12.55.175, the court, in imposing sentence on a defendant convicted of an offense, may singly or in combination
(1) impose a fine when authorized by law and as provided in AS 12.55.035;
(2) order the defendant to be placed on probation under conditions specified by the court that may include provision for active supervision;
(3) impose a definite term of periodic imprisonment;
(4) impose a definite term of continuous imprisonment;
(5) order the defendant to make restitution under AS 12.55.045;
(6) order the defendant to carry out a continuous or periodic program of community work under AS 12.55.055;
(7) suspend execution of all or a portion of the sentence imposed under AS 12.55.080;
(8) suspend imposition of sentence under AS 12.55.085;
(9) order the forfeiture to the commissioner of public safety of a deadly weapon that was in the actual possession of or used by the defendant during the commission of an offense described in AS 11.41, AS 11.46, AS 11.56, or AS 11.61;
(10) order the defendant, while incarcerated, to participate in or comply with the treatment plan of a rehabilitation program that is related to the defendant's offense or to the defendant's rehabilitation, if the program is made available to the defendant by the Department of Corrections.
(b) The court, in exercising sentencing discretion as provided in this chapter, shall impose a sentence involving imprisonment when
(1) the defendant deserves to be imprisoned, considering the seriousness of the present offense and the defendant's prior criminal history, and imprisonment is equitable considering sentences imposed for other offenses and other defendants under similar circumstances;
(2) imprisonment is necessary to protect the public from further harm by the defendant; or
(3) sentences of lesser severity have been repeatedly imposed for substantially similar offenses in the past and have proven ineffective in deterring the defendant from further criminal conduct.
(c) In addition to the penalties authorized by this section, the court may invoke any authority conferred by law to order a forfeiture of property, suspend or revoke a license, remove a person from office, or impose any other civil penalty.
(d) [Repealed, § 1 ch. 188 SLA 1990.]
(e) If the defendant is ordered to serve a definite term of imprisonment, the court may recommend that the defendant serve all or part of the term in a correctional restitution center.
(f) In this section "deadly weapon" has the meaning given in AS 11.81.900.

The mandatory consecutive sentencing provisions of AS 12.55.025(h) have no integral relation to Alaska's presumptive sentencing scheme, AS 12.55.125—12.55.175. The legislature enacted the consecutive sentencing statute independently of the presumptive sentencing statutes, and application of the provision does not turn on the applicability of presumptive sentencing.[7] Moreover, the policies reflected in the consecutive sentencing provision are fundamentally different from the policies underlying presumptive sentencing. Unlike the presumptive sentencing statutes, AS 12.55.-025(h) does not purport to deal with the appropriate length or form of a sentence for any particular crime. Rather, the provision addresses the relationship of sentences when offenders are convicted of multiple crimes. The provision was not enacted to subject multiple offenders to any particular term or type of sentence but rather to assure that, for certain categories of cases, community condemnation be expressed separately for each conviction. *See* House Judiciary Committee letter of intent for C.S.H.B. 237, 15th Leg., 2nd Sess., 1988 House Journal 2331.[8]

In short, we find no basis for concluding that the three-judge panel should be exempted from following the requirements of AS 12.55.025(h). For this reason, we hold that the three-judge panel erred in its decision to impose Wagner's sentences concurrently.

Because Wagner's sentences were not lawfully imposed, we must remand this case for entry of an amended judgment imposing sentences that are at least partially consecutive. *State v. LaPorte*, 672 P.2d 466, 46–68 (Alaska App.1983). Nevertheless, the illegality in the present case relates only to the manner in which Wagner's sentences were imposed, and not to the length of the sentences, either individually or collectively. Compliance with AS 12.55.-025(h) would not have precluded the three-judge panel from imposing a composite sentence that was in substance identical to the sentence it imposed by use of concurrent terms. For this reason, no increase in the original composite sentence of eight years with three years suspended will be permissible on remand. *See Joseph v. State*, 712 P.2d 904, 906 (Alaska App.1986).

This case is REMANDED to the three-judge panel for entry of an amended judgment.

---

7. Wagner relies on the consecutive sentencing provision's use of "court" rather than "three-judge panel" as indicative of the legislature's intent to exempt the three-judge panel from the rigors of AS 12.55.025(h). In support of this contention, Wagner cites *State v. Price*, 730 P.2d 159, 160–61 (Alaska App.1986). This argument is unpersuasive. In *Price*, we found that the three-judge panel was exempt from the restrictions that AS 12.55.155(a)(2) places on individual sentencing judges who must adjust presumptive terms for mitigating factors. In reaching our conclusion, we relied in part on the legislative commentary to AS 12.55.155(a)(2), finding significance in its use of the terms "court" and "three-judge panel" in opposition to each other. *Id.* In the present case, no similar significance can be gleaned from the statutory reference to "court." AS 12.55.025(h) was not enacted *in pari materia* with the presumptive sentencing statutes, and neither the statute nor the commentary incorporate any reference to the three-judge panel suggesting that "court," as used in AS 12.55.025(h), was meant to exclude the three-judge panel.

8. We further note that, because of the separate concerns addressed by AS 12.55.025(h), on the one hand, and AS 12.55.175(c), on the other, there is little realistic likelihood that the mandatory consecutive sentencing provision could ever substantially conflict with the broad sentencing authority of the three-judge panel. The mandatory consecutive sentencing provision requires only that some portion of the sentences for multiple convictions be imposed consecutively. Under AS 12.55.175(c), the three-judge panel has broad discretion to determine the sentence appropriate for multiple offenses over which it has jurisdiction and to determine what portion of each sentence should be consecutively imposed. The scope of this discretion is not affected by AS 12.55.025(h). Thus, as a practical matter, the panel will always be capable of achieving the same overall sentence, regardless of whether it relies on concurrent or consecutive sentences to do so.