**Herbert James GILLEY, Jr., Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–6619.

Court of Appeals of Alaska.

March 27, 1998.

Vennie E. Nemecek, Assistant Public Defender, Palmer, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Jayne L. Wallingford, Assistant District Attorney, Susan A. Parkes, District Attorney, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., and
MANNHEIMER and STEWART, JJ.

MANNHEIMER, Judge.

In 1997, Herbert James Gilley, Jr., was convicted of felony driving while intoxicated, AS 28.35.030(a), (n). Gilley had two prior felony convictions, one from 1993 and the other from 1977. The question in this case is whether the superior court was obliged to treat Gilley as a third felony offender for purposes of presumptive sentencing, or whether (as Gilley contends) the superior court had the discretion to ignore the 1977 felony conviction and to treat Gilley as a second felony offender. Gilley contends that his sentence must be vacated because the superior court did not realize that it had the discretion to sentence him as a second felony offender. For the reasons explained here, we hold that the superior court was obliged to treat Gilley as a third felony offender, and we therefore affirm his sentence.

As this court recognized in *Juneby v. State*, 641 P.2d 823, 831 n. 12 (Alaska App. 1982), *modified on other grounds*, 665 P.2d 30 (Alaska App.1983), Gilley's status as a second or third felony offender hinges on the relationship between, on the one hand, the definitions of "second felony offender" and "third felony offender" codified in AS 12.55.185 and, on the other, the provisions of AS 12.55.145(a) and (f) that explain what constitutes a "prior conviction" for presumptive sentencing purposes.

Under the presumptive sentencing laws, a defendant is considered a "second felony offender" if "the defendant previously has been convicted of a felony". AS 12.55.185(12). A defendant is considered a "third felony offender" if "the defendant has been at least twice previously convicted of a felony". AS 12.55.185(14). Gilley was convicted of third-degree assault in 1993, and he was convicted of assault with a dangerous weapon (under the former criminal code) in 1977. Because Gilley "has been ... twice previously convicted of a felony", he would ordinarily be classified as a third felony offender.

AS 12.55.145(a)(1)(A) contains an exception to the definitions of "second felony offender" and "third felony offender". This exception applies if the defendant's current offense was committed ten years or more after the defendant was discharged from his or her last felony sentence (including any period of probation or parole). The statute provides:

> For purposes of considering prior convictions in imposing sentence under [any of the presumptive sentencing provisions of AS 12.55.125], ... a prior conviction may not be considered if a period of 10 or more years has elapsed between the date of the defendant's unconditional discharge on the immediately preceding offense and [the defendant's] commission of the present offense unless the prior conviction was for an unclassified or class A felony[.]

Under this statute, if Gilley had committed his present felony ten years or more after his unconditional discharge from his immediately preceding felony conviction, he would be considered a first felony offender for presumptive sentencing purposes even though he had twice previously been convicted of a felony. *See Griffith v. State*, 653 P.2d 1057, 1058 (Alaska App.1982). It is apparent, however, that Gilley does not fall within this exception: his immediately preceding felony conviction was entered in 1993. (In fact, Gilley was still on probation from that felony conviction when he committed his present offense.)

Gilley nevertheless asserts that, because his 1977 felony conviction is more than ten years old, he is entitled to a limited exception from AS 12.55.185(14), the statute that defines "third felony offender". Gilley contends that AS 12.55.145(a) authorizes a sentencing judge, in the judge's discretion, to

ignore any felony conviction that is more than 10 years old. Thus, Gilley argues, the judge who sentenced him was authorized to disregard Gilley's 1977 felony conviction when the judge determined Gilley's status as either a second or a third felony offender.

Gilley bases his argument on a passage from the legislative commentary to AS 12.55.145:

> By referring to the "immediately preceding offense", [AS 12.55.145(a) ] provides that convictions which occurred more than [ten] years prior to the commission of the offense for which the defendant is being sentenced *may be considered* if [ten] years has not elapsed between an intervening conviction, plus periods of disability arising under it, and the commission of the offense for which the defendant is being sentenced.

1978 Senate Journal, Supp. No. 47 (June 12), pp. 156–59 (emphasis added).

Gilley notes that, in this passage, the legislature uses the word "may" to describe the sentencing court's authority to consider a defendant's remote felony convictions.[1] Gilley points out that the word "may" normally connotes permission rather than obligation. *United States v. Contreras*, 895 F.2d 1241, 1243 (9th Cir.1990); *Koch Ref. Co. v. United States Dep't of Energy*, 497 F.Supp. 879, 891 (D.Minn.1980). From this, Gilley concludes that a sentencing court is entitled to consider a defendant's remote felony convictions (in Gilley's case, the 1977 assault conviction), but

the court is not obliged to do so. That is, Gilley argues that the superior court had the discretion to treat him as a second felony offender rather than a third felony offender.[2]

The basic flaw in Gilley's argument is that he concentrates on the commentary while ignoring the wording of the statute itself. Legislative commentary can be (and often is) quite helpful in elucidating the meaning of a statute. However, it is essential to keep in mind that the sentencing court's powers and duties are defined by the presumptive sentencing statutes, not the commentaries to those statutes. *See Champion v. State*, 908 P.2d 454, 463–64 (Alaska App.1995) (refusing to interpret a statute in conformity with statements in the legislative commentary when those statements clearly did not agree with the wording and structure of the statute).[3]

As explained above, the basic definitions of "second felony offender" and "third felony offender" are given in AS 12.55.185(12) and (14). These two provisions establish a straightforward rule: a person is a "second felony offender" if they have been convicted of a felony once before, and a person is a "third felony offender" if they have been convicted of a felony at least twice before.

The pertinent exception to this rule is specified in AS 12.55.145(a)(1)(A): a defendant's prior felony convictions "may not be considered if a period of 10 or more years has elapsed between the date of the defen-

1. In 1982, the legislature amended AS 12.55.145(a)(1) to abolish the time restriction on a sentencing court's consideration of a defendant's prior unclassified and class A felonies. We note that the legislature explained this amendment in a commentary that employs similar permissive wording. In this commentary (found in 1982 House Journal, Supp. No. 64 (June 2), pp. 21–22), the legislature declared that it amended the statute *"to allow the [sentencing] court to consider* all prior unclassified felonies and class A felonies". (Emphasis added.)

2. Gilley also supports his argument with a passage from this court's decision in *Griffith*. The passage from *Griffith* reads:

   > We believe that [AS 12.55.145(a)(1) ] ... allows only one interpretation. Whe[n] a defendant has spent [ten] years between the date of his unconditional discharge [from] his most

recent prior felony without committing another felony, he is [treated as a first felony offender]. Whe[n,] however, less than [ten] years separates his unconditional discharge [from] a prior felony [and] the commission of his current offense[,] then all prior offenses[,] however remote[,] *may be considered* for purposes of presumptive sentencing.

*Griffith*, 653 P.2d at 1058 (emphasis added). Gilley notes that, in this passage, this court also used the word "may" to describe the sentencing court's authority to consider a defendant's prior felony convictions.

3. For an insightful debate on this point of law, see Antonin Scalia, *A Matter of Interpretation: Federal Courts and the Law* (1997). This book contains an essay by Justice Scalia on the question of statutory interpretation, as well as answering commentary by several distinguished legal scholars and historians.

dant's unconditional discharge on the immediately preceding offense and [the defendant's] commission of the present offense[,] unless the prior conviction was for an unclassified or class A felony".

There are two significant differences between the wording of this statute and the wording of the commentary that Gilley relies on. Both of these differences undercut Gilley's argument that a sentencing court has the authority to disregard felony convictions that are more than 10 years old.

▉ First, even though the commentary distinguishes between felony convictions that are "more than 10 years old" and those that are more recent, the statute draws no such distinction. According to the wording of the statute, only two factors affect a sentencing court's ability to consider a defendant's prior felony convictions: the classification of the prior felony, and the amount of time (if any) between the defendant's current offense and the defendant's unconditional discharge from the immediately preceding conviction. If that interval is less than 10 years, then all of the defendant's prior felony convictions are counted toward determining the defendant's status, regardless of how old those convictions are. If that interval is 10 years or more, then the only prior convictions that count are convictions for unclassified or class A felonies—again, regardless of how old those convictions are.

Simply put, AS 12.55.145(a)(1)(A) draws no line between felony convictions less than 10 years old and felony convictions more than 10 years old. There is no language in the statute to support the distinction described in the commentary.

Second, the commentary is worded in terms of authorization; that is, it speaks of situations in which a sentencing court "may" consider a defendant's prior felony convictions. In contrast, the statute is worded as a prohibition. It does not purport to grant authority; rather, it limits authority by specifying those situations in which a sentencing court "may not" consider a defendant's prior felony convictions. Read together, the three pertinent statutes—AS 12.55.145(a)(1), AS 12.55.185(12), and AS 12.55.185(14)—establish a sentencing framework in which all of a defendant's prior felony convictions will be counted toward establishing the defendant's status as a second or third felony offender unless one or more of the convictions is expressly exempted by AS 12.55.145(a)(1)(A). These statutes neither declare nor suggest that a sentencing court has the discretion to ignore one or more of the defendant's prior felony convictions.

▉ However, this is not necessarily the end of the discussion. Alaska does not follow the "plain meaning" rule (the rule that bars a court from considering legislative history as an interpretive aid if a statute's meaning is facially "plain"). Gilley is entitled to argue that the commentary to AS 12.55.145(a) shows that the legislature intended something different from what the words of the statute appear to say. Nevertheless, "[w]here a statute's meaning appears clear and unambiguous, ... the party asserting a different meaning bears a correspondingly heavy burden of demonstrating contrary legislative intent." *University of Alaska v. Tumeo*, 933 P.2d 1147, 1152 (Alaska 1997); *Lagos v. City and Borough of Sitka*, 823 P.2d 641, 643 (Alaska 1991).

Gilley's brief to this court contains no suggestion as to why the legislature might have wished sentencing judges to have the discretion to ignore a defendant's prior felony convictions. The whole history of presumptive sentencing in Alaska suggests exactly the opposite. In *Juneby v. State*, 641 P.2d 823, 829–833 (Alaska App.1982), this court reviewed the events leading up to the enactment of presumptive sentencing and the details of Alaska's presumptive sentencing laws. We concluded that the presumptive sentencing statutes "reflect the legislature's intent to assure predictability and uniformity in sentencing by the use of fixed and relatively inflexible sentences, statutorily prescribed, for persons convicted of second or subsequent felony offenses". *Juneby*, 641 P.2d at 830. Allowing sentencing judges to ignore a defendant's prior felony convictions—to treat a third felony offender as a second felony offender at the judge's discretion—appears to be the antithesis of the legislature's intent.

This court declared in *Juneby* that it was "manifest" that presumptive sentencing, through its "focus on eliminating disparity and achieving uniformity in sentences[,] was calculated to significantly restrict the trial court's traditionally broad sentencing discretion." *Id.* at 830 n. 11. In explaining why sentencing judges should be cautious when adjusting presumptive terms based on aggravating and mitigating factors, this court reiterated the underlying philosophy of presumptive sentencing:

> When viewed in the light of the fundamental goals of the [presumptive] sentencing statutes, the rationale for this relatively inflexible sentencing framework is readily understood. If sentencing courts were permitted ... to deviate routinely and substantially from the presumptive terms imposed by law, the fundamental purposes of eliminating disparity and establishing reasonable uniformity in sentencing would be completely undermined.

*Juneby*, 641 P.2d at 833.

By enacting the presumptive sentencing statutes, the legislature wished to create a set of sentencing rules and expectations grounded on the objective facts of the defendant's criminal history and the circumstances surrounding the defendant's current offense. In our past decisions, this court has attempted to implement this legislative purpose.

For instance, in *Hartley v. State*, 653 P.2d 1052 (Alaska App.1982), we rejected the contentions that a sentencing judge was bound by the State's decision not to raise applicable aggravating factors, or that the State could purposefully withhold evidence that established aggravating factors. We declared:

> Once [the State] has obtained a conviction, ... the legislature has established specific guidelines governing sentencing. These guidelines are particularly important in determining presumptive sentences for those previously convicted of felonies. The decision to circumscribe sentencing discretion was in large part based upon a legislative belief that greater uniformity in sentencing should be sought and unjustified disparity eliminated. AS 12.55.005.
>
> To allow the parties to ignore past convictions or aggravating and mitigating factors suggested by the evidence at trial or disclosed in a presentence report prepared by a probation officer would be to encourage unjustified disparity in sentencing. We therefore hold that the state has no discretion to suppress evidence of past convictions or aggravating or mitigating factors.

*Hartley*, 653 P.2d at 1056.

For the same reasons, we reject Gilley's suggested reading of AS 12.55.145(a)(1)(A). Gilley's assertion that sentencing judges have the discretion to ignore prior felony convictions and to treat a third felony offender as a second felony offender is not only unsupported by the wording of the statute, it is also fundamentally at odds with the philosophy and goals of presumptive sentencing. Therefore, even though the commentary to AS 12.55.145(a) might suggest that sentencing judges have such authority, we reject this suggestion and we adhere to the wording of the statute.

Given Gilley's prior felony convictions in 1993 and 1977, the superior court was obliged to sentence Gilley as a third felony offender. The judgement of the superior court is AFFIRMED.