Jonathan L. ANDERSON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–5614.

Court of Appeals of Alaska.

Oct. 6, 1995.

---

James Wendt, Assistant Public Defender, and John B. Salemi, Public Defender, Anchorage, for Appellant.

Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

BRYNER, Chief Judge.

Jonathan L. Anderson pled no contest to one count of misconduct involving weapons in the third degree, in violation of AS 11.61.200(a)(1) (felon in possession). In return for the plea, the state dismissed two misdemeanor charges. Misconduct involving weapons in the third degree is a class C

felony and is punishable by a maximum term of five years; presumptive terms of two and three years are specified for second and subsequent felony offenders. AS 12.55.125(e). Superior Court Judge Elaine M. Andrews determined that Anderson was a third felony offender. Judge Andrews found one aggravating and one mitigating factor applicable to Anderson's case and sentenced him to an adjusted third-offense presumptive term of three and one-half years with six months suspended. Anderson appeals, contending that the superior court's decision to sentence him as a third felony offender violated his right to equal protection.[1]

On November 22, 1993, an Anchorage police officer attempted to stop Anderson, who was driving a pickup truck that had been reported stolen. Instead of stopping, Anderson jumped out of the moving truck and fled on foot into a nearby alley; the truck drove out of control off the roadway and struck a tree. The officer pursued Anderson and arrested him. Upon arrest, Anderson was found to have a holster tucked inside his waistband. The police later found a 9 mm. pistol between the driver's and passenger's seats of the abandoned truck; the pistol had been stolen in a recent burglary.

At the time of this incident, Anderson was on probation for two class C felonies: fourth-degree misconduct involving a controlled substance and felony failure to appear. The controlled substance conviction arose from Anderson's possession of cocaine on October 4, 1992. The failure to appear conviction stemmed from Anderson's subsequent failure to attend a preindictment hearing on the controlled substance charge. Anderson had pled no contest and received a suspended imposition of sentence on both charges less than seven months before committing his current offense.

At the sentencing hearing in his current case, Anderson argued that his two prior felonies should count as one previous conviction for presumptive sentencing purposes, because his prior offenses were related, his convictions for both had been simultaneously entered, and he had received only one chance at rehabilitation. Anderson maintained that it would be fundamentally unfair, and a violation of his right to equal protection, if he were sentenced comparably to a third felony offender who had received two chances at rehabilitation—an offender whose two prior convictions had been entered seriatim, with commission and conviction of the second following conviction of the first. Judge Andrews rejected this argument and concluded that, under AS 12.55.145(a)(3), Anderson's two prior convictions rendered him a third felony offender for presumptive sentencing purposes.[2]

On appeal, Anderson contends that Judge Andrews erred in sentencing him as a third felony offender. However, Judge Andrews' interpretation of AS 12.55.145(a)(3) was unquestionably correct. This court's rulings in *State v. Rastopsoff,* 659 P.2d 630, 637 (Alaska App.1983), and *Linn v. State,* 658 P.2d 150, 152 (Alaska App.1983), interpreted AS 12.55.145(a)(3) to require that, when an offender is simultaneously convicted of multiple felonies arising out of separate criminal episodes and thereafter commits a new felony, each prior felony must count as a previ-

---

**1.** Anderson also argues that the superior court erred in failing to reduce his sentence in light of the mitigating factor it found applicable to his case: that the harm caused by his current and past crimes has been consistently minor and is inconsistent with a substantial term of imprisonment. *See* AS 12.55.155(d)(13). But after stating what mitigating factor the superior court found applicable and conceding that the finding of a mitigating factor does not necessarily require a sentencing court to adjust the presumptive term downward, *see, Machado v. State,* 797 P.2d 677, 689 (Alaska App.1990), Anderson simply asserts, without further discussion: "There was no reduction to his sentence in spite of the finding that a substantial term of imprisonment

was not justified. The defendant contends that when there is a finding that a substantial term of imprisonment is not justified there should be some downward adjustment to a presumptive term." This conclusory statement does not provide a meaningful basis for appellate review and amounts to an abandonment of the issue. *Cf. Weidner v. State, Dep't of Transp.,* 860 P.2d 1205, 1213 n. 9 (Alaska 1993); *Hitt v. J.B. Coghill, Inc.,* 641 P.2d 211, 213 n. 4 (Alaska 1982).

**2.** AS 12.55.145(a)(3) requires that one or more felony convictions be separately counted for presumptive sentencing purposes unless the convictions arose out of a single criminal episode and did not result in consecutive sentences.

ous conviction for presumptive sentencing purposes.

Anderson nevertheless maintains that the interpretation of AS 12.55.145(a)(3) adopted by this court in *Rastopsoff* and *Linn* violates his right to equal protection under the Alaska Constitution. This argument lacks merit. Under Alaska's three-part, sliding scale equal protection analysis, the relevant factors to be balanced are the significance of the individual right purportedly infringed, the importance of the regulatory interest asserted by the state, and the closeness of the fit between the challenged statute and the state's asserted regulatory interest. *See, e.g., State v. Enserch Alaska Constr., Inc.,* 787 P.2d 624, 631 (Alaska 1989).

Here, Anderson asserts the infringement of his right to liberty. But as a convicted felon challenging the validity of a sentencing provision, Anderson can rightfully complain of no more than an infringement of "the relatively narrow interest of a convicted offender in minimizing the punishment for an offense." *Maeckle v. State,* 792 P.2d 686, 689 (Alaska App.1990). By contrast, the state has a strong and direct interest in establishing penalties for criminal offenders and in determining how those penalties should be applied to various classes of convicted felons. In this arena, the legislature has traditionally been accorded broad authority. *Dancer v. State,* 715 P.2d 1174, 1180–81 (Alaska App. 1986).

Turning to the "closeness of the fit" factor—the third part of Alaska's sliding scale equal protection test—we find no marked deficiency in the challenged statute's approach to fulfilling the state's legitimate interest in punishing criminal offenders. Under the interpretation of AS 12.55.145(a)(3) adopted in *Rastopsoff* and *Linn,* Anderson was accorded presumptive treatment identical to that prescribed for all other offenders who, having been convicted of two or more previous felonies, commit and are convicted of additional class C felonies. The only disparity Anderson asserts is that, unlike some offenders who have previously been convicted of multiple felonies, Anderson has only received a single opportunity for rehabilitation. In effect, then, Anderson complains not so much of unequal protection as of protection that is too equal. He would require us to conclude that the legislature is constitutionally bound to divide the set of third offenders into discrete subsets: that it must distinguish among convicted multiple offenders based not only on the number of their prior convictions but also on the number of their prior opportunities for reform.

Anderson's proposed approach to sentencing might have much to recommend it as a matter of sentencing policy in some contexts. *Cf. State v. Carlson,* 560 P.2d 26 (Alaska 1977) (dealing with a habitual offender statute); *Skrepich v. State,* 740 P.2d 950, 955 (Alaska App.1987). But the legislature, not this court, is primarily responsible for adopting sentencing policies. Particularly in the context of a sentencing scheme that draws only presumptive distinctions among previously convicted felons and that builds in ample room for adjustment to accommodate the sentencing needs of individual offenders, we find no basis for concluding that the constitution compels the legislature to distinguish among convicted felons based on the number of their prior opportunities for rehabilitation.

The sentence is AFFIRMED.