**Gary BROWN, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–5842.

Court of Appeals of Alaska.

Oct. 11, 1996.

Marcia E. Holland, Assistant Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for Appellant.

Timothy W. Terrell, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before BRYNER, C.J., and COATS, J., and ANDREWS, Superior Court Judge.*

### OPINION

BRYNER, Chief Judge.

Gary Brown is an Alaska prisoner currently serving a forty-year term of imprisonment for first-degree murder. He appeals Superior Court Judge Jay Hodges' denial of an application for post-conviction relief in which Brown claimed that, for purposes of determining his date of eligibility for discretionary parole, he was entitled to receive a deduction of good-time credit from the twenty-year mandatory minimum sentence for first-degree murder. We affirm.

Brown was convicted of first-degree murder in 1985 under AS 11.41.100(a)(1); upon conviction, he became subject to punishment under AS 12.55.125(a), which required "a definite term of imprisonment of at least 20 years[.]" Brown ultimately received an unsuspended term of forty years.

Former AS 33.15.080 specified that Brown would become eligible for discretionary parole after serving "at least one-third of the period of confinement to which the prisoner

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

has been sentenced." Under this provision, Brown might have become eligible for discretionary parole after serving thirteen and one-third years: one-third of his forty-year un-suspended term.

However, the Department of Corrections (DOC) notified Brown that he could not be considered for discretionary parole until he had served his full twenty-year minimum sentence. In taking this position, DOC relied on the language of the mandatory minimum sentencing statute, which expressly provides that a mandatory minimum term cannot be suspended or "otherwise reduced." AS 12.55.125(f)(1), (3). DOC likewise relied on former AS 33.15.180(b), which expressly restricted eligibility for discretionary parole in cases involving mandatory minimum sentences:

> A state prisoner who has been imprisoned in accordance with AS 12.55.125(a) or (b) may not be released on parole until the prisoner has served at least the prescribed minimum term of imprisonment.

Brown filed an application for post-conviction relief, challenging DOC's interpretation of these statutes and arguing that they should not be literally construed. Brown pointed out that under AS 33.20.010(a), AS 33.20.030, and AS 33.20.040(a), a sentence of imprisonment is automatically reduced by one-third for good conduct, and a prisoner who does not forfeit good conduct credit must be released on mandatory parole after serving two-thirds of the originally-imposed sentence. Brown argued that these statutes required a one-third reduction in his twenty-year minimum term for purposes of determining his eligibility for discretionary parole, thereby allowing the minimum term to be deemed served after thirteen and two-thirds years.

Brown further argued that failure to deduct good time from his mandatory minimum sentence for purposes of determining his eligibility for discretionary parole would deprive him of his right to equal protection of the law[1] by treating him differently than offenders sentenced to enhanced or consecutive presumptive terms.

Judge Hodges rejected these arguments and denied Brown's application for post-conviction relief, and Brown appealed.

In his opening brief, Brown renewed the statutory interpretation argument and the equal protection claim he raised below. Shortly after Brown filed his opening brief, however, we decided *Hampel v. State*, 911 P.2d 517 (Alaska App.1996). In *Hampel* we found "nothing in the legislative history of Alaska's parole statutes indicating a legislative intent to extend good-time deductions ... to the calculation of whether a prisoner is eligible for discretionary parole by virtue of having served a mandatory minimum term of imprisonment[,]" and we concluded "that deductions of good time ... are inapplicable in calculating whether a mandatory minimum term of imprisonment has been served for purposes of determining discretionary parole eligibility[.]" *Id.* at 523. Brown thereafter filed a reply brief, conceding that *Hampel* disposes of his statutory interpretation argument but reasserting his equal protection claim—an issue we did not consider in *Hampel.*

■ Brown's equal protection argument depends on a comparison of his situation with that of a defendant who receives an enhanced presumptive term or multiple consecutive presumptive terms. Like an offender who receives a mandatory minimum sentence, a defendant who is sentenced to a presumptive term is ordinarily not eligible for discretionary parole. AS 33.16.090. And just as an offender who is subject to a minimum sentence and receives a sentence exceeding the minimum can become eligible for discretionary parole after serving the minimum term, a defendant who is subject to presumptive sentencing and receives an enhanced presumptive term or consecutive presumptive terms for multiple offenses can become eligible for discretionary parole upon serving the unenhanced presumptive term or the initial presumptive sentence. AS 33.16.090(b); AS 33.16.100(c).

However, AS 33.16.090(c) specifically provides that, for purposes of determining the expiration date of the unenhanced or initial

---

1. *See* U.S. Const. amend. XIV, § 1; Alaska Const.     art. I, § 1.

presumptive term in such situations, the defendant is entitled to receive credit for good conduct: "The unenhanced sentence or the initial presumptive sentence is considered served for purposes of discretionary parole on the date the unenhanced or initial presumptive sentence is due to expire less good time earned[.]" In contrast, as we recently held in *Hampel,* no credit for good time is given in calculating the expiration of a mandatory minimum sentence for purposes of determining eligibility for discretionary parole. *Hampel,* 911 P.2d at 523.

Arguing that prisoners who receive presumptive and minimum terms should be deemed similarly situated with regard to eligibility for discretionary parole, Brown contends that the disparate treatment of these two classes of prisoners is irrational and violates equal protection.

■ Brown's argument lacks merit. Minimum and presumptive sentencing provisions deal with different classes of offenders [2] and serve differing purposes.[3] For these reasons, offenders who are subject to minimum sentencing provisions and those who are subject to presumptive sentencing cannot be deemed similarly situated for purposes of considering an equal protection claim based on disparate sentencing. *Cf. Maeckle v. State,* 792 P.2d 686, 689 (Alaska App.1990) (holding that offenders subjected to different penalties for different offenses are not similarly situated for equal protection purposes); *Martin v. State,* 664 P.2d 612, 619–20 (Alaska App.1983) (rejecting an equal protection claim based on disparate treatment of offenders subject to minimum and presumptive sentencing).

Alternatively viewed, disparate treatment of these two classes of offenders easily passes equal protection muster—for precisely the same reasons—even if the two classes are deemed similarly situated.

■ Under Alaska's three-part, sliding scale equal protection analysis, the relevant factors to be balanced are the significance of the individual right purportedly infringed, the importance of the regulatory interest asserted by the state, and the closeness of the fit between the challenged statute and the state's asserted regulatory interest. *See, e.g., State v. Enserch Alaska Constr., Inc.,* 787 P.2d 624, 631 (Alaska 1989).

■ As a convicted felon challenging the validity of a sentencing provision, Brown

> can rightfully complain of no more than an infringement of "the relatively narrow interest of a convicted offender in minimizing the punishment for an offense." *Maeckle v. State,* 792 P.2d 686, 689 (Alaska App.1990). By contrast, the state has a strong and direct interest in establishing penalties for criminal offenders and in determining how those penalties should be applied to various classes of convicted felons. In this arena, the legislature has traditionally been accorded broad authority. *Dancer v. State,* 715 P.2d 1174, 1180–81 (Alaska App.1986).

*Anderson v. State,* 904 P.2d 433, 436 (Alaska App.1995).

---

**2.** The provisions of the Alaska revised criminal code that deal with felony sentencing specify mandatory minimum sentences for only a limited number of unclassified felonies (the most serious class of Alaska felonies): those unclassified felonies punishable by a maximum term of ninety-nine years' imprisonment. AS 12.55.125(a), (b). This group of unclassified felonies consists of murder in the first degree, AS 11.41.100(b); murder in the second degree, AS 11.41.110(b); attempted murder in the first degree, AS 11.31.100(d)(1); conspiracy to commit murder in the first degree, AS 11.31.120(h)(1); kidnapping, AS 11.41.300(c); and misconduct involving a controlled substance in the first degree, AS 11.71.010(c). Of these offenses, first-degree murder is the only one with a mandatory minimum sentence of twenty years, AS 12.55.125(a); the rest are subject to mandatory minimum sen-

tences of five years, AS 12.55.125(b). No minimum terms are specified for the two remaining unclassified felonies, first-degree sexual assault and first-degree sexual abuse of a minor, each of which carries a lower maximum term of thirty years' imprisonment. AS 11.41.410(b); AS 11.41.434(b); AS 12.55.125(i). Nor are any minimum terms specified for class A, B, or C felonies—the lesser classes of felony offenses. AS 12.55.125(c), (d), (e).

**3.** "While a minimum sentence is appropriate for the offender whose conduct is the least serious contemplated by the definition of the offense, a presumptive sentence is aimed at the typical offender." *Middleton v. Anchorage,* 673 P.2d 283, 284 (Alaska App.1983).

And in Brown's case, as in *Anderson,* "[t]urning to the 'closeness of the fit' factor—the third part of Alaska's sliding scale equal protection test—we find no marked deficiency in the challenged statute's approach to fulfilling the state's legitimate interest in punishing criminal offenders." *Id.*

As we have already noted, mandatory minimum sentences are intended as a base line for punishment of offenders convicted of the most serious types of unclassified felonies—felonies punishable by the most severe maximum sentence allowed under Alaska law. Just as the legislature could reasonably conclude that offenders within this select class deserve to receive a mandatory minimum sentence and deserve to be subjected to the possibility of a particularly severe maximum sentence, so the legislature could also reasonably conclude that these offenders deserve

uniquely restrictive treatment in qualifying for release on discretionary parole.

A sentencing system that specifies progressively harsher penalties for progressively more serious classes of offenses is neither novel nor impermissible. This is a form of classification that has traditionally been recognized and upheld as rational. There is nothing else involved here.[4]

We AFFIRM the superior court's order denying Brown's application for post-conviction relief.

MANNHEIMER, J., not participating.

---

**4.** *Griffith v. State,* 641 P.2d 228, 232–33 (Alaska App.1982), which Brown cites to support his equal protection argument, is inapposite, since it presents the converse situation: in *Griffith* we found irrational a bail statute that subjected a less serious class of offenders—offenders convicted of first-degree robbery—to harsher treatment than an equally situated or more serious class of offenders—other class A felons and some unclassified felons.