**STATE of Alaska, Petitioner,**

**v.**

**Anthony LADD, Respondent.**

**No. A–6225.**

Court of Appeals of Alaska.

Jan. 16, 1998.

Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Petitioner.

Marcia E. Holland, Assistant Public Defender, Fairbanks, and Barbara K. Brink, Public Defender, Anchorage, for Respondent.

Before COATS, C.J., MANNHEIMER, J., and JOANNIDES, District Court Judge.*

* Sitting by assignment of the chief justice made pursuant to Article IV, Section 16 of the Alaska Constitution.

## OPINION

MANNHEIMER, Judge.

■ Under Alaska law before 1994, any person under the age of 18 who was charged with a felony was prosecuted and (if found guilty) punished under the juvenile delinquency laws contained in Title 47, chapter 10 of the Alaska Statutes. In 1994, however, the Alaska Legislature amended the coverage of the juvenile delinquency laws by enacting former AS 47.10.010(e). Under this statute (from 1994 to 1996), and now under the successor statute, AS 47.12.030(a), 16- and 17-year-olds who are charged with certain serious felonies are prosecuted as adults and, if found guilty, they are punished as adults.[1] The issue presented in this appeal is: how should a court proceed when a 16- or 17-year-old is prosecuted (as an adult) for one of the serious felonies listed in AS 47.12.030(a) but is ultimately found guilty of some lesser offense?

Anthony Ladd, a 16-year-old, was charged with first-degree assault, AS 11.41.200(a), for shooting another boy. Because first-degree assault is a "crime against a person" and because it is a class A felony, *see* AS 11.41.200(b), Ladd was prosecuted as an adult. Following a jury trial, Ladd was acquitted of first-degree assault but was convicted of a lesser offense, fourth-degree assault (a misdemeanor). *See* AS 11.41.230(a) & (b).

In AS 47.12.030(a), the legislature has specified what it wants a court to do in such cases. If "the minor is convicted of some offense other than [the felonies listed] in this subsection", the superior court is to give the minor an opportunity "to prove, by a preponderance of the evidence, that the minor is

amenable to treatment [as a juvenile]". A minor is considered "amenable to treatment" as a juvenile "if the minor probably [can] be rehabilitated by treatment under [AS 47.12] before reaching 20 years of age." *See* AS 47.12.100(b). If the superior court finds that the minor is amenable to treatment as a juvenile, "the court shall order disposition of the charges ... under AS 47.12.120(b)". In other words, if the minor proves that they are amenable to treatment, the court will not sentence the minor as an adult but will instead impose one or more of the juvenile dispositions listed in AS 47.12.120(b).

In Ladd's case, the superior court ruled that this procedure is unconstitutional insofar as it places the burden of persuasion on the minor. The court ruled that, because Ladd had been convicted of only a lesser offense, Ladd must be deemed presumptively amenable to juvenile treatment—and that if the State wanted Ladd to be sentenced as an adult, the State would have to prove Ladd's unamenability to treatment by a preponderance of the evidence.

The basic problem, as the superior court saw it, was that minors convicted of the same crime were being treated differently based on the district attorney's initial charging decision. Here is the superior court's analysis:

If a 16- or 17-year-old is initially charged with a misdemeanor or with a felony not listed in AS 47.12.030(a), the minor is presumed to be amenable to treatment as a juvenile. If the State wishes to prosecute and punish the minor as an adult, the State must file a petition asking the superior court to waive its juvenile jurisdiction over the minor. AS 47.12.100(a). When that waiver petition is litigated, it is the State's burden to

---

1. AS 47.12.030(a) provides:

When a minor who was at least 16 years of age at the time of the offense is arraigned on a charge for an offense specified in this subsection, this chapter and the Alaska Delinquency Rules do not apply to the offense for which the minor is arraigned or to any additional offenses joinable to it under the applicable rules of court governing criminal procedure. The minor shall be charged, prosecuted, and sentenced in the superior court in the same manner as an adult unless the minor is convicted of some offense other than an offense specified in this subsection, in which event the minor may attempt to prove, by a

preponderance of the evidence, that the minor is amenable to treatment under this chapter. If the court finds that the minor is amenable to treatment under this chapter, the minor shall be treated as though the charges had been heard under this chapter, and the court shall order disposition of the charges of which the minor is convicted under AS 47.12.120(b). The provisions of this subsection apply when the minor is arraigned on a charge

(1) that is an unclassified felony or a class A felony and the felony is a crime against a person; or

(2) of arson in the first degree.

prove by a preponderance of the evidence that the minor is not amenable to juvenile treatment. AS 47.12.100(c).

On the other hand, if the 16– or 17–year-old is initially charged with one of the felonies listed in AS 47.12.030(a), then even if the minor is ultimately acquitted of the charged felony and is convicted only of some lesser offense, the minor will nevertheless presumptively be sentenced as an adult. That is, because of the original charge, the minor will be presumed not to be amenable to treatment as a juvenile. If the minor wishes to be sentenced as a juvenile, it is the minor's burden to rebut this presumption—to show by a preponderance of the evidence that they are amenable to treatment under the juvenile system.

The superior court concluded that the government's initial charging decision was not a rational basis for this disparate treatment. Therefore, the court ruled, minors who were initially charged with greater offenses and who were later forced to shoulder the burden of proof on the issue of amenability to treatment were being denied the equal protection of the law guaranteed by Article I, Section 1 of the Alaska Constitution.

The superior court's ruling is premised on two interlocking assumptions. The court's first assumption is that, all other things being equal, minors convicted of the same crime must presumptively be deemed "similarly situated" for purposes of disposition— and, in particular, for purposes of deciding whether the State or the minor should bear the burden of proof on the issue of amenability to juvenile treatment. The court's second assumption is that the legislature has classified some of these minors differently (forcing them to shoulder the burden of proof on the issue of amenability to treatment) based solely on the district attorney's initial charging decision—a decision that rests within the unfettered discretion of the Department of Law. While we agree with the superior

court's first assumption, we conclude that the court's second assumption is flawed.

Under the new juvenile legislation, the question of who bears the burden of proof on the issue of amenability to treatment does not depend solely upon the prosecutor's charging decision. As explained below, even when the prosecutor charges a minor with one of the serious felonies listed in AS 47.12.030(a), the burden of proof on the issue of amenability to treatment does not shift to the minor unless and until the State establishes probable cause to believe that the minor has committed one of the felonies listed in the statute.

Both former AS 47.10.010(e) and current AS 47.12.030(a) declare that when a 16– or 17–year-old minor "is arraigned" on one of the serious felonies listed in the statute, the delinquency statutes and the Delinquency Rules do not apply to the prosecution, the minor will be "charged, prosecuted, and sentenced in the superior court in the same manner as an adult", and, if the minor is found guilty of some lesser offense, the minor bears the burden of proving their amenability to treatment as a juvenile. Thus, the minor's arraignment is the event that triggers the consequences detailed in the statute.

Under Alaska Criminal Rules 5(e) and 10(a), even though a felony offender's initial appearance generally occurs in the district court, and even though other preliminary proceedings may occur in the district court, a felony defendant's "arraignment" does not take place until the defendant is called upon to enter a plea to the charge in the superior court.[2] Before a defendant can be arraigned on felony charges in the superior court, the State must obtain a grand jury indictment (or the defendant must waive the constitutional right to demand indictment). *See* Article I, Section 8 of the Alaska Constitution and Criminal Rule 7(a)-(b). Further, to obtain an indictment, the State must prove to the grand jury "that the evidence ... establishe[s] a probability of [the defendant's]

---

**2.** Criminal Rule 10(a) states that an "[a]rraignment ... shall consist of reading the indictment or information to the defendant or stating to the defendant the substance of the charge[,] and calling on the defendant to plead thereto." Criminal Rule 5(e) states that "[i]f the charge against a

defendant is a felony, the defendant shall not be called upon to plead" to the charge in the district court. That is, the arraignment does not occur until the defendant appears in the superior court and is asked to enter a plea.

guilt". *See* Criminal Rule 6(q), as interpreted in *Sheldon v. State*, 796 P.2d 831, 837 (Alaska App.1990).

While this standard, "probability of guilt", has not been definitively equated with either "preponderance of the evidence" or "probable cause", at the very least it means a showing of probable cause. Therefore, even though the prosecutor decides what charges to present to the grand jury, no minor can be arraigned on one of the felonies listed in AS 47.12.030(a) unless and until the grand jury finds that the State has demonstrated probable cause to believe that the minor is guilty of that felony (or the minor specifically waives the right to demand a showing of probable cause).

This showing of probable cause is the factor that provides a plausible basis for the legislature's decision to make the minor shoulder the burden of proving amenability to juvenile treatment if the minor is convicted of some lesser offense. In essence, even though two minors may be convicted of the same offense (a lesser felony or a misdemeanor), it is rational for the legislature to direct the superior court to treat the minors differently for disposition purposes if there is probable cause to believe that one of the minors has committed one of the serious felonies listed in AS 47.12.030(a).

As explained above, a minor can not be arraigned in the superior court on one of the serious felonies listed in AS 47.12.030(a) until the grand jury has indicted the minor for that crime, or until the minor has waived indictment. Thus, the burdenshifting provision of AS 47.12.030(a) is not triggered until the State has convinced the grand jury that there is at least probable cause to believe that the minor committed the charged felo-

ny—or until, by waiving indictment, the minor has effectively conceded that the State could establish the required probable cause at a grand jury hearing.

Even if the State ultimately fails to prove beyond a reasonable doubt that the minor committed the felony charged in the indictment, and the minor is convicted of only a lesser offense, the fact remains that there has been an independent determination of probable cause to believe that the minor committed the more serious crime. Thus, when the minor faces sentencing for the lesser offense, and the superior court must decide whether the minor should be subjected to a juvenile disposition or an adult disposition for that lesser offense, it is reasonable to treat this minor differently from other juvenile offenders whose conduct has never provided reason to believe that they committed one of the serious felonies listed in the statute.

We note that when the legislature changed the law relating to minors older than 16, the legislature simultaneously codified the same burden-shifting rule for younger minors (minors under the age of 16) who are charged with serious felonies against a person. Under the juvenile waiver statute—former AS 47.10.060(f)(2) and current AS 47.12.100(c)(2)—when a minor under the age of 16 is charged with an unclassified felony or a class A felony against a person, and the State petitions the superior court to waive its juvenile jurisdiction over the minor, the minor bears the burden of proof on the issue of amenability to juvenile treatment once the State demonstrates probable cause to believe that the minor has committed the specified serious felony.[3]

---

**3.** AS 47.12.100(c)(2) provides that, when the State petitions for waiver of juvenile jurisdiction, the burden of proof that a minor is not amenable to treatment under this chapter is on the state; however, if the [waiver] petition . . . is based on the minor's alleged commission of an offense that is an unclassified felony or class A felony and that is a crime against a person, the minor

    (A) is rebuttably presumed not to be amenable to treatment under this chapter; and

    (B) has the burden of proof of showing that the minor is amenable to treatment under this chapter.

Comparable language was found in former AS 47.10.060(f)(2).

    Thus, even when a minor is younger than 16 and will presumptively be prosecuted under the juvenile system for any crime, if the State files a waiver petition and establishes probable cause to believe that the minor has committed one of the serious felonies listed in the statute, the burden of proof on the issue of amenability to juvenile treatment falls to the minor. That is, for a minor of any age, the burden of proof on the issue of amenability to juvenile treatment will be allocated based on the crime that the minor is alleged

■ The ultimate question in this appeal is whether the legislature violated the equal protection clause when it enacted these different burdens of proof on the issue of amenability to treatment. When adjudicating an equal protection claim under Article I, Section 1 of the Alaska Constitution, the basic question is whether similarly situated people are being treated the same. Often (as in this case), it is clear that the legislature is treating some people differently from others, and the court's real task is to assess whether this different treatment is justifiable. We must ask why the legislature chose to treat the two groups differently, and whether there is in fact a relevant difference between them. If so, then our next task is to examine how the legislature's classification hurts the disadvantaged group of people and to judge the significance of this legislated disadvantage. If the legislature's action adversely affects important individual rights, then the legislature's goal must be correspondingly important, and the classification drawn by the statute must be closely tailored to achieving that goal. Conversely, if the legislation affects only lesser rights or interests, then the legislation can rest on a lesser goal, and the means chosen to achieve that goal can be less precise. *Alaska Pacific Assurance Co. v. Brown*, 687 P.2d 264, 269–270 (Alaska 1984); *George v. State*, 944 P.2d 1181, 1186 (Alaska App.1997).

We have concluded that, once the State demonstrates probable cause to believe that a minor has committed one of the serious felonies specified in AS 47.12.030(a), this showing of probable cause provides a plausible criterion for distinguishing between that minor and other minors who are ultimately convicted of the same lesser offense. We must now apply the "sliding scale" test for equal protection under the Alaska Constitution to see if this factor sufficiently distinguishes the two groups of minors.

The first step is to identify the individual right that has been impaired by the legislature's action, and to assess the importance of that right. In the present case, the superior court believed that the legislature's action (shifting the burden of proof on the issue of amenability to juvenile treatment) impaired an important right of 16– and 17–year–old minors: the right to be treated more leniently than adults for violations of the criminal law. Because the superior court believed that a minor's right to juvenile treatment was a right "of high importance", the superior court concluded that the challenged legislation had to be supported by an equally weighty public justification.

Obviously, it makes a great deal of difference to a minor whether the superior court can impose adult criminal penalties or whether the court is limited, instead, to imposing a disposition under the juvenile laws. However, people who break the law have only a limited right to insist on the kind of penalty they will face. In *Anderson v. State*, 904 P.2d 433 (Alaska App.1995), the defendant raised an equal protection challenge to the statute that classified him as a third felony offender for presumptive sentencing purposes. Even though Anderson claimed that the statute affected one of the most basic constitutional interests—the interest of personal liberty—we concluded that Anderson "[could] rightfully complain of no more than an infringement of 'the relatively narrow interest of a convicted offender in minimizing the punishment for an offense'". *Id.*, 904 P.2d at 436, quoting *Maeckle v. State*, 792 P.2d 686, 689 (Alaska App.1990). The State, on the other hand, "has a strong and direct interest in establishing penalties for criminal offenders and in determining how those penalties should be applied to various classes of convicted felons. In this arena, the legislature has traditionally been afforded broad authority." *Anderson*, 904 P.2d at 436, citing *Dancer v. State*, 715 P.2d 1174, 1180–81 (Alaska App.1986).

More to the point in the present appeal, this court has held that "[a] juvenile offender has no constitutional right to be tried in a juvenile court." Rather, the privacy and the lesser penalties of juvenile delinquency proceedings are "right[s] granted by the state

---

to have committed, once the State establishes that the allegation is supported by probable cause.

legislature, and the legislature may restrict or qualify [those] right[s] as it desires, so long as no arbitrary or discriminatory classification is involved." *W.M.F. v. State*, 723 P.2d 1298, 1300 (Alaska App.1986), citing *Woodard v. Wainwright*, 556 F.2d 781, 785 (5th Cir.1977).

*Accord, Hicks v. Superior Court*, 36 Cal. App.4th 1649, 43 Cal.Rptr.2d 269, 274 (1995) (a minor has no constitutional right to juvenile treatment, nor a right to a presumption of amenability to juvenile treatment); *State in the Interest of A.L.*, 271 N.J.Super. 192, 638 A.2d 814, 817 (1994) (the legislature can restrict or qualify a minor's right to juvenile treatment so long as it "does not create an arbitrary or discriminatory classification scheme"); *Commonwealth v. Wayne W.*, 414 Mass. 218, 606 N.E.2d 1323, 1326 (1993) (a minor has no constitutional right to juvenile treatment, but only a due process right to "essential fairness" in the classification scheme); *Novak v. Commonwealth*, 20 Va. App. 373, 457 S.E.2d 402, 406–07 (1995) (rejecting an equal protection challenge to a statute that provided automatic waiver of juvenile jurisdiction for minors convicted of certain serious felonies; the court held that the statute "identifies certain violent crimes against the person as acts inconsistent with the conduct of an offender amenable to treatment as a juvenile").

■ Thus, a minor does not have a protected "right" to juvenile treatment. In deciding which minors should receive juvenile delinquency dispositions for criminal acts, the legislature can draw distinctions between different groups so long as those distinctions are not arbitrary or based on a discriminatory classification. *W.M.F., supra.*

There is a public interest in "rehabilitating wayward youths" who are in fact "rehabilitatable in their youth". *W.M.F.*, 723 P.2d at 1300. On the other hand, society also has a significant interest in utilizing adult criminal sanctions to "protect[ ] the public from youths who [can not be] quickly rehabilitated", to "provid[e] a longer period of rehabilitation for youths ... not so quickly rehabilitated", to "show[ ] community condemnation for the crimes committed [by such youths]", and to "deter[ ] the defendant and others

from committing the crimes in the future". *Id.*

It is important to remember that the statutory provision challenged in the present appeal does not disqualify any minor from being treated under the juvenile laws. Ladd and other minors like him are not barred from receiving a juvenile disposition for their criminal acts. Rather, the challenged provision merely declares that, when the superior court decides whether to impose an adult disposition or a juvenile disposition, the minor bears the burden of proof on this issue.

When the law allocates a "preponderance of the evidence" burden of proof to a party, the effect is to make that party bear the risk that the evidence will be inconclusive—insufficient to persuade the trier of fact that either party is correct. *See United Bank Alaska v. Dischner*, 685 P.2d 90, 93 (Alaska 1984) (the party bearing the burden of proof "bears the risk of losing if the trier of fact is not persuaded"); *see also W.M.F.*, 723 P.2d at 1301 (the burden of proof "allocat[es] the risk of error"). Basically, the challenged portion of AS 47.12.030(a) constitutes a legislative directive to the superior court: in close cases, when the evidence yields no answer to the question of whether the minor can be rehabilitated within the juvenile system by age 20, the legislature wants the minor to receive an adult penalty.

There is a reasonably close fit between the legislature's purpose and the means the legislature has employed to effect that purpose. In cases where the evidence does not disclose whether a minor can be rehabilitated under the juvenile system by age 20, it is reasonable for the legislature to make the decision turn on whether the State has previously established probable cause to believe that the minor has committed one of the serious felonies listed in AS 47.12.030(a). This indication of dangerousness is reasonably related to the criteria for deciding whether a minor should be dealt with under the juvenile system or the adult system. *See State v. Morales*, 240 Conn. 727, 694 A.2d 758, 764–65 (1997), and *State v. Matos*, 240 Conn. 743, 694 A.2d 775, 784, 786–87 (1997) (holding that there is a reasonable basis for the legislature's decision to deny juvenile treatment to

a minor charged with murder following a probable cause hearing, even though the minor is ultimately convicted only of manslaughter).

We therefore conclude that the burden-shifting provisions of former AS 47.10.010(e) and current AS 47.12.030(a) do not violate the equal protection clause of the Alaska Constitution. The decision of the superior court is REVERSED.