Kim W. DUNN, Appellant,

v.

**MUNICIPALITY OF ANCHORAGE,**
**Appellee.**

No. A–8677.

Court of Appeals of Alaska.

Nov. 5, 2004.

John Marston Richard, Gorton & Logue, Anchorage, for Appellant.

John E. McConnaughy III, Assistant Municipal Prosecutor, and Frederick H. Boness, Municipal Attorney, Anchorage, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

COATS, Chief Judge.

Kim W. Dunn pleaded no contest to driving under the influence and was sentenced to 140 days to serve. (His mandatory minimum sentence was 120 days.) Dunn argues that his rights to due process and equal protection were violated because AS 28.35.030(b) and (r)(4), which define the penalties for misdemeanor driving while under the influence, required the district court to consider all his previous convictions, not just convictions obtained during the past ten years, in calculating his mandatory minimum sentence for that offense.

For the reasons discussed below, we affirm Dunn's sentence.

*Facts and proceedings*

On April 13, 2002, Dunn was arrested for driving under the influence after his pick-up truck hit two parked cars in the parking lot of the Chilkoot Charlie's bar in Anchorage. Dunn took a breath test, which revealed a breath alcohol level of .152 percent. Dunn was charged under the Anchorage Municipal Code with driving under the influence.[1] He ultimately pleaded no contest to that charge. Because he had three previous convictions for drunk driving offenses—two in 1990 and one in 1993—he faced a mandatory minimum sentence of 120 days to serve.[2]

Dunn filed a motion to preclude the district court from counting his 1990 convictions in determining his mandatory minimum sentence. Dunn challenged the constitutional validity of those prior convictions, arguing that his right to an independent chemical test had not been fully honored in those earlier cases. But Dunn's primary challenge was to a 2001 amendment to the municipality's drunk driving law. Before that amendment, a motorist convicted of driving while intoxicated (DWI) faced increasingly severe mandatory minimum sentences based on the number of drunk driving offenses the motorist had committed within the previous ten

---

1. Anchorage Municipal Code (AMC) 9.28.020(A).

2. AMC 9.28.020(C)(1)(d).

years.[3] In 2001, the Anchorage Assembly, mirroring changes in state law, eliminated this ten-year "look-back" and required sentencing courts to count *all* a motorist's prior DWI convictions in calculating the motorist's mandatory minimum sentence—including convictions more than ten years old.[4] Dunn argued that eliminating this ten-year look-back limitation violated his rights to due process and equal protection of the laws, and that the district court was thus required to disregard his two 1990 convictions in calculating his minimum sentence.

On appeal, Dunn challenges the state's drunk driving law. As Dunn acknowledged in his briefing below, he was not convicted or sentenced under state law. Rather, he was convicted of violating the parallel municipal ordinance, Anchorage Municipal Code 9.28.020. However, we have addressed Dunn's claims because for relevant purposes the state and municipal law appear to be the same.[5]

District Court Judge Gregory J. Motyka denied Dunn's challenge to his prior drunk driving convictions (together with similar claims raised in eighteen other cases). Judge Motyka ruled that Dunn and the other defendants could not collaterally attack the constitutionality of their prior convictions in their current cases. Although Judge Motyka noted that the defendants had also raised due process and equal protection challenges to the current driving while intoxicated statute, he did not resolve those constitutional claims.

The defendants filed a joint motion for reconsideration, asking Judge Motyka to reconsider his decision that they were barred from collaterally attacking their prior convictions at or before sentencing in their current cases. But the defendants did not press Judge Motyka for a ruling on their constitutional challenges to the legislature's or assembly's decision to eliminate the ten-year look-back.

Judge Motyka denied the motion for reconsideration. Following that decision, Dunn pleaded no contest to driving under the influence.

Dunn appeals his sentence.

### Discussion

*Dunn's constitutional claims were not preserved*

On appeal, Dunn claims that AS 28.35.030(r)(4) violates due process by directing courts to consider convictions more than ten years old in calculating the minimum sentence for a drunk driving offense. Dunn argues that the legislature did not have a "compelling interest" to eliminate the ten-year look-back limitation because tougher penalties for drunk driving over the past several decades had not succeeded in reducing traffic fatalities. He also argues that the current drunk driving statute violates equal protection because it treats offenders with prior convictions that are more than ten years old the same as offenders with more recent convictions.

These are not the same arguments Dunn advanced in the district court. Although Dunn claimed below that a life-long look-back violated due process, he did not argue that eliminating the ten-year look-back failed to advance the state's interest in reducing traffic fatalities; nor did he present evidence on the rate of traffic fatalities in Alaska. Instead, Dunn argued that the life-long look-back violated due process because it did not give courts discretion "to find 'manifest injustice' and step outside the so-called 'mandatory minimums.'"

Dunn's equal protection claim has also changed on appeal. In district court, he did not argue that the legislature needed a "compelling interest" to justify eliminating the ten-year look-back for prior drunk driving convictions. Rather, he argued that there was no "rational basis" for classifying persons with convictions more than ten years old

3. *See* Anchorage Ordinance 2001–51 (eff. Feb. 27, 2001).

4. *See* Anchorage Ordinance 2001–150 (eff. Aug. 28, 2001).

5. *See* generally AS 28.01.010 (barring municipalities from enacting traffic laws that are inconsistent with state law); *Simpson v. Anchorage*, 635 P.2d 1197 (Alaska App.1981) (discussing what constitutes "inconsistent with state law" for purposes of AS 28.01.010).

the same as those with more recent convictions.

Furthermore, it appears that Dunn never obtained a ruling from the district court on these constitutional challenges. But even assuming that Dunn preserved the claims he raises on appeal, we conclude that he has not shown that the legislature violated the constitution by eliminating the ten-year limitation in former AS 28.35.030(*o*)(4).

*Why we conclude that Dunn's constitutional claims fail*

■ Dunn argues that the legislature infringed on his fundamental right to liberty by eliminating the ten-year look-back limitation, and that this amendment to the state's drunk driving law violated due process because it lacked a "close and substantial relationship" to the legislature's stated goal of reducing traffic fatalities.

■ As Dunn implicitly conceded in his briefing below, this is the wrong test. "[A] person who stands to be sentenced upon conviction of a crime has no fundamental right to liberty. In such cases, 'the individual interest affected ... is the relatively narrow interest of a convicted offender in minimizing the punishment for an offense.'"[6] When a legislative enactment does not infringe on a fundamental right, the enactment violates substantive due process only if it has "no reasonable relationship to a legitimate government purpose."[7] As the Alaska Supreme Court has explained:

> It is not a court's role to decide whether a particular statute or ordinance is a wise one; the choice between competing notions of public policy is to be made by elected representatives of the people. The constitutional guarantee of substantive due process assures only that a legislative body's decision is not arbitrary but instead based upon some rational policy.

A court's inquiry into arbitrariness begins with the presumption that the action of the legislature is proper. The party claiming a denial of substantive due process has the burden of demonstrating that no rational basis for the challenged legislation exists. This burden is a heavy one, for if any conceivable legitimate public policy for the enactment is apparent on its face or is offered by those defending the enactment, the opponents of the measure must disprove the factual basis for such a justification.[8]

Dunn asserts that the state's goal in eliminating the ten-year look-back limitation was reducing traffic fatalities. As the Municipality points out, Dunn bases this assertion on findings and intent that were not adopted until several months after his offense.[9] But even if we assume that these findings accurately reflect the legislature's earlier intent, Dunn has not shown that the legislature's action had no reasonable basis. Dunn cites statistics showing no appreciable decrease over the past several decades in the total number of alcohol-related traffic fatalities in Alaska, despite increasingly severe penalties for drunk driving during that period. But, as the Municipality points out, these statistics prove little. Dunn has not taken into account increases in population or vehicle miles traveled in the state; the Municipality points to National Highway Traffic Safety Administration statistics showing a 51 percent drop (measured in terms of vehicle miles traveled) in alcohol-related traffic fatalities in Alaska between 1982 and 2001. Furthermore, the findings and intent relied on by Dunn indicate that the legislature's goal was reducing alcohol-related traffic accidents and alcohol-related fatalities. Dunn provided no statistics on alcohol-related traffic accidents.

A number of rational inferences can be made linking a driver's higher number of lifetime drunk driving convictions with the

---

6. *Monroe v. State*, 847 P.2d 84, 89 (Alaska App. 1993) (quoting *Maeckle v. State*, 792 P.2d 686, 689 (Alaska App.1990)).

7. *State v. Niedermeyer*, 14 P.3d 264, 267 (Alaska 2000) (quoting *Concerned Citizens of S. Kenai Peninsula v. Kenai Peninsula Borough*, 527 P.2d 447, 452 (Alaska 1974)).

8. *Concerned Citizens of S. Kenai Peninsula*, 527 P.2d at 452.

9. *See* Ch. 60, §§ 1, 58, SLA 2002.

driver's increased risk of causing traffic accidents and fatalities. A motorist who has disregarded the law and driven while intoxicated in the past might be more likely to do so in the future. In addition, the legislature could have concluded that offenders with repeated convictions, including those whose convictions reach over more than a decade, might be particularly resistant to rehabilitative and deterrent efforts, such that public safety is best served by isolating those offenders for a substantial period of time. Because Dunn has not refuted these rational bases for eliminating the ten-year look-back, we reject his due process claim.

■ Dunn also argues that classifying an offender with convictions that are more than ten years old the same as an offender with convictions that are less than ten years old violates the equal protection clauses of the federal and state constitutions.[10] Dunn appears to be arguing that this classification is over-inclusive—that is, that offenders with convictions more than ten years old are not similarly situated with (and thus must be sentenced more leniently than) offenders with more recent convictions.[11]

But Dunn *was* sentenced more leniently based on the age of his convictions. If two of Dunn's three prior convictions had been obtained after 1996, he would have been guilty of a felony and subject to a mandatory minimum sentence of 240 days to serve.[12] Because his convictions were earlier than that—two in 1990 and one in 1993—he was guilty of a misdemeanor and subject to a minimum sentence of only 120 days to serve.[13] Only a motorist with one previous DWI conviction faces the same minimum sentence—20 days to serve—regardless of the date of that prior conviction.[14] Dunn has not addressed this means of classifying groups for sentencing purposes, much less shown that this classification has no "fair and substantial relation" to the legitimate governmental objective of reducing traffic accidents and fatalities.[15]

■ To the extent that Dunn is arguing that his equal protection rights were violated because he was not treated more leniently than other misdemeanor defendants with more recent prior convictions, his claim has no merit. Under Alaska's three-part, sliding scale equal protection analysis, there are three factors this court must balance in resolving Dunn's claim: "the significance of the individual right purportedly infringed, the importance of the regulatory interest asserted by the state, and the closeness of the fit between the challenged statute and the state's asserted regulatory interest." [16]

■ As we have previously noted, the interest affected here "is the relatively narrow interest of a convicted offender in minimizing the punishment for an offense." [17] The government, by contrast, "has a strong and direct interest in establishing penalties for criminal offenders and in determining how those penalties should be applied to various classes of convicted felons." [18] Dunn asserts that the legislature is constitutionally bound to treat drunk driving offenders with convictions more than ten years old more leniently than offenders with more recent convictions.

10. U.S. Const., amend. XIV, § 1, cl. 2; Alaska Const., art. 1, § 1.

11. *See generally* Laurence H. Tribe, *American Constitutional Law* § 16–2, at 1438 (2d ed.1988) (noting that "equality can be denied when government *fails* to classify, with the result that its rules or programs do *not* distinguish between persons who, for equal protection purposes, should be regarded as differently situated") (emphasis in original).

12. AS 28.35.030(n) provides in relevant part: "A person is guilty of a class C felony if the person is convicted under (a) of this section and has been previously convicted two or more times since

January 1, 1996, and within the 10 years preceding the date of the present offense."

13. AS 28.35.030(b)(1)(D).

14. AS 28.35.030(n); AS 28.35.030(b)(1)(B).

15. *See Svedlund v. Anchorage,* 671 P.2d 378, 383 (Alaska App.1983).

16. *Anderson v. State,* 904 P.2d 433, 436 (Alaska App.1995).

17. *Maeckle,* 792 P.2d at 689.

18. *Anderson,* 904 P.2d at 436.

But we are not convinced that the constitution requires this distinction. This is a question of sentencing policy, and "the legislature, not this court, is primarily responsible for adopting sentencing policies." [19] We therefore reject Dunn's equal protection claim.[20]

*Conclusion*

Dunn's sentence is AFFIRMED.

19. *Id.*

20. *See Stanek v. Kenai Peninsula Borough*, 81 P.3d 268, 272 (Alaska 2003) ("Since analysis of equal protection claims under the federal constitution is, if anything, more forgiving than the approach we use under the Equal Rights Clause of the Alaska Constitution, it follows from our conclusion that the state Equal Rights Clause is not violated, that the federal Equal Protection Clause is also not violated.").