NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

ELIZABETH WATSON,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-11592
Trial Court No. 4BE-11-1326 CR

O P I N I O N

No. 2553 — May 19, 2017

Appeal from the District Court, Fourth Judicial District, Bethel, Dennis P. Cummins, Judge, and Bruce Ward, Magistrate Judge.

Appearances: Kelly R. Taylor, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Donald Soderstrom, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge SUDDOCK.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

Elizabeth Watson was charged with driving under the influence (DUI) when she was fourteen years old.[1] Pursuant to AS 47.12.030(b), she was tried as an adult and convicted in the district court. In this appeal, Watson argues that the legislature's decision to uniformly prosecute minors as adults when they commit misdemeanor traffic offenses violates a minor's right to equal protection and to due process of law.

Because a minor has a limited interest in being prosecuted in the juvenile court system, and because driving is a heavily regulated dangerous adult activity, we conclude that the legislature can validly require that minors be prosecuted as adults for misdemeanor traffic offenses.

*Watson's equal protection and due process claims*

Under subsection (b) of AS 47.12.030, a minor who is accused of a non-felony traffic offense "shall be charged, prosecuted, and sentenced in the district court in the same manner as an adult."

Watson argues that minors who commit traffic offenses are presumably as amenable to rehabilitation as are juveniles who commit non-traffic misdemeanors. Watson notes that if she had committed a more serious crime such as a non-traffic felony, she might well have been prosecuted as a juvenile. Thus, according to Watson, the legislature violated the equal protection clause of the Alaska Constitution when it required that minors be prosecuted as adults for misdemeanor traffic offenses.[2]

We analyze Watson's equal protection claim under Alaska's three-part "sliding-scale" test. We first determine the importance of the individual interest that Watson claims has been impaired by the legislature. We next examine the importance

---

[1] AS 28.35.030(a)(1), (2).

[2] Alaska Const. Art. I, § 1.

of the asserted government interest protected by the challenged statute. And finally, we evaluate the statute's effectiveness in implementing this underlying interest — its means-to-end fit.[3]

In *Gray v. State*,[4] we rejected an equal protection challenge to subsection (a) of AS 47.12.030, which mandates adult prosecution for minors charged with certain serious felonies. Regarding the first step of the three-part analysis — *i.e.*, identifying a minor's interest in being prosecuted as a juvenile rather than as an adult — we held that juveniles have "no constitutional right to be tried in a juvenile court."[5] Rather, a juvenile's interest in avoiding prosecution as an adult implicates only "the relatively narrow interest of a convicted offender in minimizing the punishment for an offense."[6] Thus, we concluded, the challenged statute would be constitutional as long as it was supported by a legitimate governmental purpose.[7]

Watson argues that our decision in *Gray* is not determinative, because minors who commit traffic offenses (as opposed to serious felonies) have a weightier interest in being prosecuted as juveniles — *i.e.*, being prosecuted under a system that emphasizes the individual rehabilitation of offenders. Watson contends that minors who commit misdemeanor traffic offenses are presumably just as amenable to rehabilitative treatment as the minors who commit other types of crimes and who are subject to juvenile jurisdiction. According to Watson, the legislature's decision to prosecute

---

[3]   *See Gray v. State*, 267 P.3d 667, 672 (Alaska App. 2011); *Williams v. State*, 151 P.3d 460, 464 (Alaska App. 2006).

[4]   267 P.3d 667 (Alaska App. 2011).

[5]   *Id.* at 672 (quoting *W.M.F. v. State*, 723 P.2d 1298, 1300 (Alaska App. 1986)).

[6]   *Id.* (quoting *State v. Ladd*, 951 P.2d 1220, 1224 (Alaska App. 1998)).

[7]   *Id.*

juvenile traffic offenders as adults is "uniquely harsh" and merits more than minimal scrutiny.

But rehabilitation of minors convicted of traffic offenses is not the sole governmental interest at stake. The legislature has a strong and legitimate interest in "establishing penalties for criminal offenders and in determining how those penalties should be applied to various classes of convicted [defendants]."[8] Driving is a highly regulated and substantially dangerous adult activity. Minors are presumably less experienced than other drivers, and the legislature could rationally conclude that they pose a particularly significant threat to their own and the public's safety. Thus, the legislature has a legitimate and weighty interest in assuring that minors who drive be held to an adult standard of care, and that they be held accountable for traffic offenses in the same fashion as adults.[9]

We perceive no particular anomaly in the fact that minors who commit *felony* driving offenses are presumptively treated as juveniles. Felony offenders are subject to significantly increased amounts of imprisonment, as well as various lifetime legal disabilities.[10] The legislature could validly decide that minors should not face such severe consequences for their actions, even when the felony arises from the act of driving.

"In deciding which minors should receive juvenile delinquency dispositions for criminal acts, the legislature can draw distinctions between different groups so long

---

[8]   267 P.3d at 673 (quoting *Anderson v. State*, 904 P.2d 433, 436 (Alaska App. 1995)).

[9]   *See Ardinger v. Hummel*, 982 P.2d 727, 731 (Alaska 1999) (holding that minor drivers must be held to an adult standard of care for public safety reasons).

[10]   *See* AS 12.55.125.

as those distinctions are not arbitrary or based on a discriminatory classification."[11]  We conclude that the classification drawn by AS 47.12.030(b) — the provision that mandates adult prosecution for minors who commit non-felonious traffic offenses — is neither arbitrary nor discriminatory.

We also reject Watson's due process claim — her claim that the district court should have held a hearing at which Watson could attempt to prove that she was amenable to treatment under the juvenile justice system.  Watson's due process claim hinges on her underlying claim that the legislature acted unconstitutionally when it prescribed adult prosecution for all minors who commit misdemeanor traffic offenses. We have just rejected that underlying claim.  We therefore reject Watson's assertion that she was constitutionally entitled to an evidentiary hearing on her amenability to rehabilitation within the juvenile justice system.

*Conclusion*

We AFFIRM the judgment of the district court.

---

[11]  *State v. Ladd*, 951 P.2d 1220, 1225 (Alaska App. 1998).